JONATHAN G. FELLOWS, Appellant, v. REMUS WISE, Respondent.

1. *Ejectment — Evidence—Common grantor— Notice, actual and constructive.*—In ejectment, proof of a written contract with plaintiff for conveyance of the land from one in possession claiming title, which was subsequently executed by a statutory process (see Wagn. Stat. 99, §§ 38, 43), is sufficient *prima facie* evidence against one claiming under the same grantor, by deed intervening between the contract and its specific execution. The title of the common grantor is acknowledged, and plaintiff need go no further. To prevail against plaintiff's case it must appear that defendant purchased for a valuable consideration without notice of the original contract with plaintiff. And in such case, where the contract was recorded and it appeared that the opposite party was a dealer in real estate, although the record would not be constructive notice, yet this fact might go to the jury in connection with others as tending to show actual notice.

*Appeal from Linn Circuit Court.*

*A. W. Mullins*, for appellant.

*Burgess & Brownlee*, for respondent, cited 48 Penn. 238; 8 Me. 94; 5 Binn. 129.

BLISS, Judge, delivered the opinion of the court.

Both parties claim through Robert Moore, deceased, who died in 1866, having been in possession of the land for several years, claiming under a tax sale. In 1859 said Moore, being so in possession, gave the plaintiff a written obligation for a deed, and in 1869 the latter obtained an order from the Probate Court upon the administrator of Moore for a specific execution of the contract, who accordingly made him a conveyance. This proceeding was under sections 38 and 43, chapter 122, Gen. Stat. 1865 (Wagn. Stat. 99), and seems to be regular. But in December, 1868, the heirs of Moore, then in possession, executed a deed of the premises to one Brownlee, who, in the spring of 1869, gave the defendant a bond for a deed, and he went into possession under it.

The plaintiff asked several instructions, of which the second was, in substance, that if the jury believed that at the date of the plaintiff's bond for the land, the said Robert Moore was in actual possession of the land; that he sold it to the plaintiff and gave him the instrument in writing, read in evidence, for the conveyance of his title and improvements and the possession of the land; that he remained in possession until his death, and that his administrator made the deed to the plaintiff read in evidence, they should render a verdict for the plaintiff, unless the jury should further believe that the heirs of said Moore conveyed the land by the deed offered in evidence to one Brownlee, before the execution of the deed from Moore's administrator to Fellows, and that said purchase of Brownlee was made in good faith for a valuable consideration, without notice of the contract between Moore and Fellows.

This instruction was refused, though for what reason does not appear. The court perhaps assumed that Brownlee, who bought of the heirs, was an innocent purchaser; but this was a question for the jury, which the court had no right to decide. There was evidence tending to prove notice. Brownlee was a real estate dealer, familiar with the titles in the county. Mr. Burgess, who soon became his partner, was fully advised in regard to plaintiff's contract, told Moore's heirs that it would hold the land unless it could be sold to an innocent purchaser, and he sold it for them

for less than one-fourth its value. The contract itself was also put upon record, and though this would not operate as constructive notice, yet the record would be likely to be seen by those in the habit of examining titles; and this, with the other evidence, should have gone to the jury as tending to show notice of the plaintiff's equity.

There is some indication that the court held the conveyance by Moore's administrator worthless, as the jury were instructed to disregard it, and were also told that the plaintiff had shown no title. The plaintiff did not show nor claim to show a perfect paper title. He claimed under a contract from one in possession claiming title which was subsequently executed by a statutory process. That some one else may have a better title does not matter. Defendants did not and could not set up such better title, for they themselves are in under Moore.

It is sufficient, in the first instance, for the plaintiff to show prior possession as owner, either in himself or in his grantor; and if it shall then appear that the defendant holds under the same grantor, it is unnecessary to go further; the title of the common grantor is acknowledged, and so far the rule that the plaintiff must recover upon the strength of his own title is departed from. As against some unknown person, the title of both may be worthless, the common grantor not being the true owner; but as between the parties, we have only to inquire which one acquired the title of such grantor, whatever that might have been. Hence it was sufficient for the plaintiff to show his contract and its specific performance under the statute, together with the actual possession as owner of the obligor in the contract. He would thus establish a *prima facie* right; and unless the defendant could trace his own right or title to the true owner — if such grantor in possession was not the true owner — or could show a better claim to the interest of such grantor, the plaintiff must prevail. (Brown v. Brown, 45 Mo. 412.)

The record does not clearly show the views of the court or the ground of its instructions, yet they seem to ignore these familiar principles of law or to take from the jury the question of notice.

The judgment will be reversed and the cause remanded. Judge Wagner concurs. Judge Adams absent.