Mattison v. Ausmuss.

AARON MATTISON, Plaintiff in Error, *v.* JAMES P. AUSMUSS, Defendant in Error.

| 50 | 551 |
| 97 | 20 |
| 97 | 536 |
| 50 | 551 |
| 107 | 132 |
| 50 | 551 |
| 99a | 132 |

1. *Lands and land titles — Fraud — Estoppel — Vendee can deny his vendor's title.* — A. was in possession of certain land under title from C., when B. entered upon it, falsely claiming that he had a tax-title, while in fact he had none, and the land had been redeemed, which fact of redemption he concealed from A. B. subsequently made a quit-claim deed to A. under such false representations and concealment, and took a deed of trust to secure the consideration thereof; the land was sold to B. under the deed of trust, and he sued A. for possession. *Held*, that A. had not so admitted B.'s claim as to be estopped from denying it — first, because the claim was a fraudulent one and was not made in good faith; second, because the grantee in a deed holds adversely to the vendor, and may strengthen his title from any other source. There is no estoppel where the occupant is not under an obligation, express or implied, that he will at some time or in some event surrender the possession.

### *Error to Linn Circuit Court.*

*G. D. Burgess*, for plaintiff in error.

Both defendant and plaintiff claim title under Peter Ausmuss, and the defendant will not be permitted to deny that he had title after buying from him. (11 Moore, 394; Brown v. Brown, 45 Mo. 415; Jackson *et al.* v. Walker, 7 Cow. 637; Whiteside v. Jackson, 1 Wend. 419; Galloway v. Finley *et al.*, 12 Pet. 294; 2 Greenl. Ev., § 305; Jackson v. Norris, 7 Cow. 717; Hamilton v. Taylor, Litt. Sel. Cas. 444; Doe v. Burton, 6 Eng. Law & Eq. 325.)

*A. W. Mullins*, for defendant in error.

I. Neither the plaintiff nor the defendant having shown legal title to the premises in question, the party showing the elder possession was entitled to prevail. (Schultz v. Arnot, 33 Mo. 172.)

II. If the transaction between the plaintiff and Peter Ausmuss was fraudulent on the part of the plaintiff, he ought not to be permitted to profit by his fraud. And this question could properly be raised in this action. (Bobb v. Woodward, 42 Mo. 482, 488; Peyton v. Rose, 41 Mo. 262; Herm. Estop. 240.)

III. The point insisted on by counsel for plaintiff, that by accepting the deed from Peter Ausmuss, dated 17th of June, 1869,

the defendant is estopped from denying that said Peter was then the owner of the land, is not well taken. The defendant was in the absolute possession of the land prior thereto, and claiming under an entirely different title. (Landes v. Perkins, 12 Mo. 258–259; Cutter v. Waddingham, 33 Mo. 269–289, and cases cited; Herm. Estop. 387, § 380; Sparrow v. Kingman, 1 N. Y. 242; Averill v. Wilson, 4 Barb. 180, 191; Osterhout v. Shoemaker, 3 Hill, 513, 518.)

BLISS, Judge, delivered the opinion of the court.

In an action for possession of a quarter-section of prairie land, the plaintiff first showed a quit-claim deed from one Moore, dated April 17, 1869; that Moore had before erected a cabin upon the land, and that he, the plaintiff, went into possession and made improvements. He also, in order to estop the defendant from setting up an adverse right, offered in evidence a quit-claim deed from himself to one Peter Ausmuss, dated June 16, 1869, and a trust deed to secure the consideration of the same, together with a deed to the plaintiff from the trustee, and also a deed of the same premises from said Peter to the defendant, dated June 17, 1869.

In behalf of defendant it was shown that said Peter Ausmuss and his son, the defendant, took possession of the land in 1868, under a written contract of sale from one B. Lombard to said Peter; that the contract was intended to be for the benefit of both said Peter and the defendant, and they had joint possession of a part of the land and planted a crop, claiming the whole under said contract; that they were so in possession when the defendant entered upon another portion of the land under said Moore; that in order to perfect his son's title to the land, on the 16th of June, 1869, he purchased the alleged interest of the plaintiff and took his quit-claim deed, having before assigned the Lombard contract to his son, the defendant, and given him sole possession. It was also shown that the plaintiff pretended to hold a tax-title under which said Moore had entered, which he claimed was good; that the sole object of the purchase by Peter Ausmuss was to obtain said tax-title, but that it was worthless, in this: that the land had been redeemed according to law, which fact was known to him and

concealed from said Peter Ausmuss, and that, at the time of the sale under the deed of trust given by him to the plaintiff, the said Ausmuss was present and proclaimed the facts.

The plaintiff claims that the following errors were committed upon the trial : first, in the admission of evidence, that the defendant held prior possession under the said contract with Lombard ; and, second, in the refusal of the court to instruct the jury that defendant held under the plaintiff, through his deed to Peter Ausmuss, and was estopped from denying his right.

The court committed no error. As the parties showed no title, they relied severally upon prior possession under claim and color of right. The defendant cannot be held to have so admitted the plaintiff's claim as to be estopped from denying it ; first, because it was a fraudulent one. He pretended to hold Moore's tax-title, when in fact it had no existence. The claim was not made in good faith, hence the paper or proceeding under which he held gave him no color. (Crispen v. Hannavan, *ante*, p. 536.) The fraud consisted in selling this title to Peter Ausmuss as though it were a good one, and claiming it to be such. This is not the case of a tax-title where the sale was irregularly made, and for that reason was bad ; but where, in effect, there was no sale at all, inasmuch as the land was redeemed within the proper period. To sell such an interest under pretense that the tax-title still subsisted was itself a fraud ; and whatever the doctrine as to the right to impeach the consideration of a deed, the grantee cannot by such a contrivance shut the mouth of an adverse claimant.

But, second, under the repeated decisions of this court, the grantee in a deed of conveyance holds adversely to the vendor, and may strengthen his title from any other source. Judge Napton, in Macklot v. Dubreuil, 9 Mo. 477, discussed the question at some length, and the opinion there given has since been adhered to. (See Cutter v. Waddingham, 33 Mo. 282.) Judge Scott, in Landes v. Perkins, 12 Mo. 259, supposes the very case now under consideration, and scouts the doctrine that one relying upon a good title should be prohibited from purchasing outstanding titles, for the sake of greater security, under the penalty of being estopped from disputing the title of the person from whom he thus

purchases. On the other hand, men should be encouraged to buy their peace, to remove shadows and fortify their rights, by peaceful negotiation. Lessees cannot dispute their landlords' title, and contractors for land, who are bound to pay or surrender, cannot in general evade their contracts by denying the right of the vendor. But "there is no estoppel where the occupant is not under an obligation, express or implied, that he will at some time or in some event surrender the possession." (Osterhout v. Shoemaker, 3 Hill, 518.)

The judgment is affirmed. The other judges concur.