————o————

JAMES G. BARRY, Respondent, *vs.* PROSPER OTTO, *et al.*, Appellants.

56 177
31a 158
56 177
137 427
56 177
161 618

1. *Limitations, statute of—Adverse possession—Action of ejectment by possessor—Title of Government, presumption as to.*—Ten years adverse possession, except as against the Government and parties laboring under disabilities, is not only a bar under the statute of limitations, but creates in the possessor an affirmative title under which he may maintain ejectment. And such possession will raise a presumption that the title has emanated from the Government and vested in the holder.

2. *Ejectment—Disputed boundary lines—Whether covered by certain deeds, question for jury*—In ejectment for land between disputed boundary lines, the question whether a deed under which plaintiff claimed covered the strip in controversy was held to be one of fact for the jury.

*Appeal from St. Louis Circuit Court.*

*S. Simmons,* for Appellants.

I. The court is bound to know judicially that the legal title to the land in question is in the United States and there remains until it is divested by patent or grant. (3 Washb. Real Prop., 168; Carman vs. Johnson, 20 Mo., 108; Gibson vs. Chouteau, 13 Wall., 93.)

II. The rule of the common law that the defendant in an action of ejectment may show an outstanding title in a third person to defeat the suit of plaintiff, is not changed by the statute. (Gurno vs. Janis, 6 Mo., 330; Keene vs. Barnes, 29 Mo., 377; Forder vs. Davis, 38 Mo., 107; Foster vs. Evans, 51 Mo., 39; Wagn. Stat. title "Ejectment" with foot notes.)

*Krum & Patrick,* for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment for a lot in the city of St. Louis. The plaintiff and defendants claimed to be owners respectively of two adjoining lots, and the contest was as to the boundary line between their lots. The ground in dispute was a strip of ten or eleven inches wide by the length of the lots one hundred and twenty-seven and a half feet. Both parties introduced deeds of conveyance for the purpose of showing the boundaries of their respective lots from the same original grantor. The plaintiff claimed title to the *locus in quo* by adverse possession for more than ten years before the entry and ouster by defendants, and the material question was whether his possession was really an adverse possession, or whether it was taken and maintained by accident or mistake.

Each party gave evidence conducing to prove their respective theories. The plaintiff's evidence showed that he had held possession up to the line claimed by him for thirty years, partly by means of a house built on the line, and by a fence extending from the house along the remainder of the line. He held this possession up to 1869, when the defendants entered upon and took possession of the strip of land in dispute as belonging to their lot.

The court instructed the jury on the questions of adverse possession and possession by mistake as raised by the evidence. These instructions presented the material issues fairly to the jury, and no serious objections are raised to them here.

But the defendants asked the court to instruct the jury that the deeds read in evidence by the plaintiff showed no title in him; and also that upon the evidence given the plaintiff could not recover, because he had not proven that the United States had parted with their title. The court refused these instructions. A verdict and judgment were rendered for plaintiff; the General Term affirmed the judgment, and defendants have appealed to this court.

I. The plaintiff relied on adverse possession for more than ten consecutive years as an affirmative title. It is too well settled to need illustration or authority that ten years adverse possession, except as against the Government and parties laboring under disabilities, is not only a bar under the statute of limitations, but it creates in the possessor an affirmative title upon which he may maintain ejectment.

It is equally well settled, that a party in possession of land claiming it as his own, is presumed to be the true owner till the contrary appears. And therefore, if a party remains in the adverse possession a sufficient length of time to create an affirmative title under the statute of limitations, the title from the Government, in the absence of proof to the contrary, will be presumed to have emanated and vested in him. (Davis vs. Thompson, *ante*, p. 39.)

II. The plaintiff and defendants claimed separate adjoining lots from the same original source of title; the only dispute being as to the boundary line between the two lots.

The question, whether the deeds under which the plaintiff claimed covered the strip of land in controversy was a question of fact for the jury, and not for the court to determine. The plaintiff introduced his deeds to show the limits and extent of his claim and not as muniments of title. The court, therefore, very properly refused the declaration that the plaintiff's deeds showed no title in him. This refusal was

proper, not only because the deeds were not relied on as the only source of title, but because under the facts of this case the proposed instruction usurped the province of the jury in assuming that the deeds did not cover the land in dispute.

Judgment affirmed; Judge Sherwood absent; the other judges concur.