MATHER, *Appellant*, v. WALSH *et al.*

DIVISION ONE.

1. **Land and Land Titles:** ADVERSE POSSESSION. Where one, through mistake, takes possession of more land under a deed than it conveys, he may, notwithstanding, begin afterwards an adverse occupancy of the excess.

2. ———: ———. The facts in this case show a title acquired by such occupancy.

Mather v. Walsh.

3. ———— : ————. The assertion of title by an occupant, as against plaintiff in the action, is sufficiently adverse, as to him, to start the limitation. It need not be an assertion of claim "against all the world."

4. ———— : PURCHASER AT TAX SALE. The purchase of a tax title involves no concession, by the purchaser, of prior title in another.

5. ———— : PURCHASE OF OUTSTANDING INTEREST : POSSESSION. One in possession may acquire an outstanding interest in the land without weakening the effect of his possession.

6. Color of Title : LIMITATIONS : ADVERSE POSSESSION. "Color" is not necessary to originate ownership under the Missouri statute of limitations. A claim of title, with adverse possession (of the requisite character) for the statutory period, will carry title without any paper support thereto.

7. Ejectment. Plaintiff in ejectment must recover, if at all, on the strength of his own title.

8. ———— : PRACTICE. Where the case involves plaintiff's evidence of title as well as defendant's, it would be error to instruct for a verdict for plaintiff, if the jury did not consider the defense as established, without also requiring a finding on the plaintiff's facts to show title in him.

9. Practice : REFUSAL OF INSTRUCTION, WHEN PROPER. It is not error to refuse an instruction, the substance of which is embodied in another given.

*Appeal from Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

AFFIRMED.

PLAINTIFF sues in ejectment for part of lot 27, block 6, of "Peery Place," in Kansas City, Missouri. His claim rests in part upon conveyances, and in part upon adverse possession under the limitation law. The defendants' title stands wholly upon adverse possession.

The defendants are Mrs. Johanna Maloney, her husband, Mr. James J. Maloney, and certain tenants of the former.

The pleadings require no special notice. They were in usual form, raising the issues that were tried. The cause was heard with the aid of a jury and resulted in a finding and judgment for defendants.

The instructions mentioned in the opinion of the court are indicated below :

At defendants' request the court gave (among others) the following: "1. If the jury find from the evidence that defendant, James J. Maloney, has had and held, by himself and by the tenants of his codefendant, Johanna Maloney, the actual and peaceable, open and notorious, continuous and exclusive possession of the premises in controversy, under an exclusive claim of right thereto in his wife and codefendant, Johanna Maloney, hostile and adverse to the claim of plaintiff to said premises, for more than ten years next before the commencement of this action, then your verdict must be for the defendants."

The court refused to give either or any of the following instructions asked by the plaintiff: "15. The jury are instructed that, to confer title, possession must not only be open, notorious and continuous, but it must also be adverse. There must be an ouster or disseizen of the true owner, and an intention to claim the title, and this intention must have existed *during the entire period of such possession.* If you believe that when Maloney took possession of lots 28, 29 and 30 under the deed from Mrs. King he thought the vacant lot on the north side of his residence ( lot 27 ) was a part of the ground he had purchased, yet, if he intended to claim only the ground he actually bought from Mrs. King as described in his deed and did not intend to claim any other lots than those called for in that deed, and used lot 27 as a yard or garden under the impression that it was a part of the ground he had bought from Mrs. King, then such possession of lot 27 was not a disseizen of plaintiff, *and his possession thereof could never ripen into a title by lapse of time.* If they intended to claim title only up to the north line of the lots named in their deed from Mrs. King, the fact that they thought the north line of lot 27 was their north

line would give them no title by adverse possession to lot 27.

"16. The jury are instructed that an intention to oust or disseize the true owner and to claim his title is not to be presumed from the mere fact of sole possession of the occupant. And though you may believe Maloney has been in the sole possession of lot 27 for more than ten years before the filing of this suit, yet, unless such possession was held with an intention of claiming the title as against all the world, and was accompanied by an open and notorious claim of exclusive ownership and right, *they should find for the plaintiff.*

"17. If the jury believe from the evidence that plaintiff, at the date of the last tax deed hereinafter mentioned, was the owner of the premises sued for herein; that said premises were sold by the city for delinquent taxes; that defendant Maloney obtained a certificate of purchase of said premises from the auditor of Kansas City, dated August 18, 1876, and on November 6, 1877, obtained a tax deed thereto dated on said November 6, 1877, they are instructed that such purchase and acceptance by defendant Maloney *was an admission that on the date of said tax deed plaintiff was the owner of said premises, and defendants are not allowed to deny plaintiff's title at said date.* The purchase for taxes and the acceptance of said tax was an admission that Maloney did not, at the date of said deed, own said premises, and that whatever occupancy defendants had at the time was subservient to, and in recognition of, the title of the owner of said lot. Defendants cannot, if they procured and accepted said deed, set up any adverse possession of said premises prior to the date of said deed. If you believe that plaintiff was the owner of the lot sued for at the date of said tax deed, and that defendants accepted said deed, plaintiff is entitled to recover unless defendants show that said

deed divested plaintiff's title, or that his title has been destroyed in some other way. And it could not in such case have been destroyed by adverse possession thereof for ten years between the date of said tax deed and the filing of this suit.

"18. If the jury believe from the evidence that plaintiff, in 1872 or 1873, owned lot 27 and resided on the lot adjoining it on the south; that he obtained title to lots 27, 28, 29 and 30 by the same deed; that at that time lot 27 was inclosed by a substantial fence; that when plaintiff removed from said premises said lot remained so inclosed by said fence; that said fence was still standing around said lot at the time Maloney removed into the residence once occupied by plaintiff; and from the time plaintiff left said premises until a house was built on said lot in 1886, if one was built there at that time, said fence remained upon said lot, *and there was no more visible use and occupation of said lot after Maloney claimed it than there was before*, until said house was built thereon, then the jury are instructed that Maloney's possession thereof, if any, could only date from the time said house was built.

"19. The court declares the law to be that defendants have shown *no color of title* to the property in question in this action, on which to base their plea of adverse possession under the statute of limitations; and the finding *must be for the plaintiff* for the property.

"20. Under the pleadings and the evidence, the jury must find for the plaintiff for the property in question."

The court gave seven instructions, requested by plaintiff, but they were not excepted to, and need not be quoted.

The other necessary facts are stated in the opinion of the court.

*William C. Forsee* and *Samuel P. Forsee* for appellant.

(1) Appellant's fifteenth instruction should have been given. Maloney's evidence furnished an ample basis for it. If he intended to claim only the lots named in his deed, his possession, if any, of lot 27 was not adverse. *Huckshorn v. Hartwig*, 81 Mo. 648 ; *Walbrunn v. Batteen*, 68 Mo. 164 ; *University v. McCune*, 28 Mo. 481 ; *Cole v. Parker*, 70 Mo. 372 ; *Howard v. Reedy*, 29 Ga. 154 ; *Brown v. Cockerell*, 33 Ala. 45 ; Wood on Lim., sec. 263, p. 548. (2) Appellant's sixteenth instruction should have been given. The last clause is unobjectionable, because the undisputed evidence shows, *first*, defendant entered under plaintiff's tenants ; *second*, that plaintiff was also the prior possessor under claim and color ; *third*, that defendant, by entering and claiming under purchase from King admitted title in Berkeley, the common source. Hence, if defendant did not intend to claim adversely, he could not defeat plaintiff. *University v. McCune, supra ; McGee v. McGee*, 37 Miss. 152 ; *Grube v. Wells*, 34 Iowa, 149, 150 ; *Jackson v. Thomas*, 15 Johns. 292 ; *Jackson v. Frost*, 15 Cow. 350, 351 ; *Miller v. Shaw*, 7 S. & R. 129 ; *Clark v. Courtney*, 5 Pet. 320 ; Wood on Lim., p. 513 ; 3 Wash. R. P. [4 Ed.] pp. 129, 136, 137. (3) Appellant's seventeenth instruction should have been given. Maloney's possession could in no event commence under the tax purchase until the date of the deed. The acceptance of the deed was an admission of plaintiff's title. *Pease v. Lawson*, 33 Mo. 35 ; *DeGraw v. Taylor*, 37 Mo. 310 ; *Grandy v. Casey*, 93 Mo. 605 ; *Rice v. White*, 8 Ohio, 216 ; *Hoyt v. Dillon*, 19 Bush, 644. (4) Plaintiff's eighteenth instruction should have been given. Possession must be visible, patent, notorious. *Chapman v. Templeton*, 53 Mo. 465 ; *Spurlock v. Dougherty*, 81 Mo. 184 ; *Pike v. Robertson*, 79 Mo. 618 ; *Norfleet v. Hutchings*, 68

Mo. 598; *DeGraw v. Prior*, 60 Mo. 56; *Jackson v. Shoemaker*, 2 Johns. 234; *Doolittle v. Tice*, 41 Barb. 181; *Olewine v. Messmore*, 128 Pa. St. 470; *Ruffin v. Ownby*, 105 N. C. 78; *Word v. Box*, 66 Tex. 596. (5) Appellant's nineteenth instruction should have been given. Maloney had no actual possession of lot 27. He could have no constructive possession of it without color. *St. Louis v. Gorman*, 29 Mo. 593; *Chapman v. Templeton*, 53 Mo. 465; *Clark v. Courtney*, 5 Pet. 320; *Miller v. Shaw*, 7 S. & R. 135; Angell on Lim. 420, 421; Adams on Eject. 582, 572, (6) Appellant's twentieth instruction should have been given. The undisputed evidence established plaintiff's right to recover. *Smith v. Lindsey*, 89 Mo. 76; *Grandy v. Casey*, 93 Mo. 604; *Huff v. Morton*, 94 Mo. 408; *Prior v. Scott*, 87 Mo. 303; *Riverside, etc., v. Townsend*, 120 Ill. 9; *Jones v. Bland*, 116 Pa. St. 190; *Shafine v. Snow*, 150 Mass. 262; *Pulliam v. Burlingame*, 81 Mo. 116; *Doe v. Hooper*, 81 Ala. 391; *Holman v. Bonner*, 63 Miss. 131; *Hughes v. Israel*, 73 Mo. 548; *Olewine v. Messmore*, 128 Pa. St. 470; *Leeper v. Baker*, 68 Mo. 405; *Miller v. Downing*, 54 N. Y. 631.

*Botsford & Williams* and *George F. Ballingal* for respondents.

(1) Appellant's fifteenth instruction was properly refused. Respondents' possession was adverse to the whole inclosure, even though they may have erroneously supposed the lot in controversy was included in the conveyance. *Walbrunn v. Ballen*, 68 Mo. 164; *Cole v. Parker*, 70 Mo. 379; *McAninch v. Smith*, 19 Mo. App. 243; *Stocker v. Green*, 94 Mo. 280; *Mississippi Co. v. Vowels*, 101 Mo. 225. It is not necessary, in order to disseize the true owner, that the intention to claim title must exist at the time of the entry and during the entire period of an adverse possession. Such intention and claim need only be made and exist for ten

consecutive years prior to the commencement of the action, coupled with actual and notorious adverse possession. Appellant's fourth instruction asserted the same doctrine. (2) Appellant's sixteenth instruction asked for was erroneous and was properly refused. It is sufficient to constitute an adverse possession, to defeat an ejectment, if it be held under an open and notorious claim of exclusive ownership adverse to the claim and title asserted by the plaintiff in the ejectment, and continued for the time limited in the statute of limitations for the recovery of real property. The claim need not be against all the world. *Clemens v. Runcklet*, 34 Mo. 41 ; *Doan v. Sloan*, 42 Mo. 112 ; *Davis v. Thompson*, 56 Mo. 39 ; *Large v. Fisher*, 49 Mo. 107 ; *Duncan v. Able*, 99 Mo. 118. (3) Appellant's seventeenth instruction asked and refused was erroneous. Respondents had the right to protect their possession by purchase of a tax certificate of sale of the land in controversy for delinquent taxes assessed before they claimed the land, and to receive a deed from the city of Kansas therefor ; and their possession was not in any way affected by the tax certificate or deed. *Ridgeway v. Holiday*, 59 Mo. 454 ; *Hays v. Martin*, 45 Cal. 559 ; *Griffith v. Smith*, 42 N. W. Rep. (Neb.) 749. (4) Appellant's eighteenth instruction was properly refused. *Musick v. Barney*, 49 Mo. 464 ; *Ekey v. Inge*, 87 Mo. 493 ; *Leeper v. Baker*, 68 Mo. 400, and cases cited ; *Mississippi Co. v. Vowels*, 101 Mo. 225. (5) Color of title is only required where the defense is founded on a constructive adverse possession, and is not necessary where the possession is indicated by actual occupation and inclosure founded on an adverse claim to the exclusive possession. Appellant's nineteenth instruction requiring color of title to support respondents' claim, and instructing the jury to find for appellant for want of it, was properly refused. *St. Louis v. Gorman*, 29 Mo. 593 ; *DeGraw v. Taylor*, 37 Mo. 310 ; *Huckshorn v. Hartwig*, 81 Mo. 648. (6) Of appellant's

twentieth instruction refused, it is sufficient to say that it entirely ignores the testimony introduced on behalf of respondents. This justified its refusal. *Stocker v. Green*, 94 Mo. 280.

BARCLAY, J.—This is an action of ejectment for a parcel of land to which both parties claim title under the statute of limitations. The result of the litigation in the trial court was in favor of defendants.

The points urged by plaintiff, as grounds for a reversal, will be taken up in their order.

Error is assigned upon the refusal to grant the plaintiff's requests for instructions, numbered 15, 16, 17, 18, 19 and 20.

I. The last will be first considered because it is framed as a demurrer to the evidence, and, if correct, would dispose of the whole controversy.

The defense to the action was adverse possession of such a nature as to confer title under the limitation law.

In that connection it appeared that the lot in dispute formed part of certain inclosed premises in Kansas City, and that defendants had an undoubtedly good title (as against plaintiff) to the greater part of the inclosure, by virtue of a purchase thereof at a sale under a mortgage executed by plaintiff's predecessor in title. But the mortgage did not embrace the particular piece which forms the subject-matter of this action. That piece, however, was contiguous to the mortgaged property, and, with the latter, was taken possession of by the purchaser at the foreclosure sale, to whose rights the defendants are the successors. For some time thereafter, it would appear, no special notice was taken by anyone of the variation between the possession and the ostensible paper title of the defendants; but it is plain that, between 1874 and 1876, certainly not later than 1876, the defendants Maloney took steps which would clearly justify the inference and finding that they intended to claim all the land within the inclosure (including the

now disputed grounds), adversely, and in every other manner necessary to assert full ownership thereto.

They had held actual possession since July 24, 1874, under a deed, describing only the mortgaged property. In 1876 Mr. Maloney returned from a trip to California and discovered that his wife had been paying some special tax bills assessed against lot 27 as well as against the other lots ( 28, 29 and 30) in Peery Place. He got his deed, examined it, and found that lot 27 was not included in it. He then at once paid all back taxes upon lot 27 and the other lots, obtained a certificate of the purchase of the property for said delinquent taxes, August 18, 1876, and since then there can be no doubt that the claim of exclusive ownership has been steadily and continuously asserted by the Maloneys, and their possession maintained ( either by themselves or tenants ). In November, 1877, they received a tax deed, based on the certificate of purchase in 1876, and have paid all kinds of taxes since, as well as for several years before that date. They moved upon the property in 1876, repaired the fences of the inclosure, including the piece in controversy, which was at first used as a garden or open yard; in connection with the house on the adjacent lot. Latterly the disputed ground has been improved by the erection of a substantial building.

The present action was begun, October 28, 1887.

We think this meager outline of defendants' case will show that there is substantial evidence upon which the court might properly submit the issue of defendants' title by adverse possession, as it did by the instruction given as number 1.

II. But plaintiff then complains of the refusal of his request, numbered 15. It contains at least one error that can be seen at a glance.

The fact that a proprietor of land has taken possession ( under a deed ) of more land than its description calls for will not prevent his asserting, later, an adverse possession of, or title to, the excess beyond his paper

title. Though his original taking may have been the outgrowth of mistake, or in ignorance of the true line, he may, notwithstanding, afterwards begin an adverse holding which the law will recognize when sufficiently long continued. *Handlan v. McManus* (1889), 100 Mo. 124. The facts in evidence here illustrate such line of action, and the plaintiff's refused instruction was not in harmony with the law as just stated.

III. The refusal of request, numbered 16, was not error. One of its vices is that it would authorize a finding for plaintiff, if defendants' alleged title by possession failed, without requiring a finding on the facts relied upon by plaintiff to show title in himself. Plaintiff's right of recovery on his evidence was in issue and disputed, and this instruction ignored that view of the case entirely. A plaintiff in ejectment must ultimately recover, if at all, on the strength of his own title. Another weakness in it is its use of the words "against all the world." The assertion of adverse title against the plaintiff in the action is sufficient. It is not necessary that it should be "against all the world." *Clemens v. Runckel* (1863), 34 Mo. 41; *Pease v. Lawson* (1862), 33 Mo. 35.

In so far as this request called for a description of the nature of defendants' possession, essential to bring the statute of limitations into play in their favor, it was given in the first instruction for defendants.

IV. The refusal of plaintiff's request, numbered 17, is next complained of. The purchase of a tax title to land is not an admission by the purchaser of prior title in another. A direct purchase of any ostensible title, by one in possession, has no such force as an admission. A party in possession of land may fortify his right thereto by acquiring any outstanding interest therein, without thereby weakening the force or effect of his possession. This is too well settled in this state to require further comment now. *Macklot v. Dubreuil*

(1845), 9 Mo. 477; *Mattison v. Ausmus* (1872), 50 Mo. 551; *Funkhouser v. Lay* (1883), 78 Mo. 458.

V.   Plaintiff also objects to the refusal of his eighteenth request.   It is scarcely necessary to remark on this point.

The fact that "there was no more visible use and occupation of the disputed land, after the Maloneys claimed it, than there was while plaintiff had prior possession of it, can have no decisive bearing on the rights of these parties.   The date when the possession of the Maloneys began to run, under the limitation law, did not depend on whether there was any visible change in the use or occupation of the lot by them, but upon other considerations noted elsewhere in this opinion.

VI.   The nineteenth request was correctly refused, because "color" is not necessary to originate title under the statute of limitations of Missouri.   A claim of title to the land, with actual, adverse possession thereof (of the requisite character), during the period prescribed by the statute, will vest the possessor with title without any paper support thereto whatever.   This is no longer a debatable question, and calls for no more than this brief statement.

The evidence tended to show an actual possession by defendants of the lot in suit, not a mere constructive possession.   The inclosure or yard, appurtenant to the dwelling, and used by defendants in connection therewith, was as much in their actual possession as the house itself in the circumstances here exhibited.

The foregoing are all the assignments of error that appear to require comment.

The judgment is affirmed, all the judges of this division concurring.