STEVENS et al., Appellants, v. MARTIN et al.

### Division Two, May 13, 1902.

1. **Title to Lands:** ADVERSE POSSESSION FOR TWENTY-FOUR YEARS. Actual, adverse, notorious, and exclusive possession of land for twenty-four years under color of title, by a chain of conveyances from a patent from the United States, gives absolute title, though the title was originally invalid.

2. ———: POSSESSION TO PART OF TRACT: CLAIM TO WHOLE. Under the express provisions of Revised Statutes 1899, section 4266, providing that possession under color of title of a part of a tract of land in the name of the whole tract claimed, with the exercise of acts of ownership, shall be deemed a possession of the whole tract, possession of a part of a tract, claiming the whole, is a possession of the whole.

3. ———: POSSESSION BY CO-TENANT. Where a tenant in common takes possession of a tract of land, in which he has an undivided interest, unless he manifests a contrary intention he is presumed to hold possession as well for his co-tenants as for himself.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED.

*C. L. Keaton* for appellants.

(1) Title to real property may be acquired by conveyances, limitation with adverse possession of part with color of title to the whole, and prescription, and the period of limitation and prescription in this State is ten years, both the same. Since plaintiffs and those through whom they claim had paid taxes and expended their money on the land (lot 86) for at least thirteen years and no one else claimed the land, the title vested in plaintiffs. "Land may be acquired only by grant, it is true, but a grant is presumed from long enjoyment." House v. Montgomery, 19 Mo. App. 179; R. S. 1899, secs. 900, 4262 and 4266; Heinemann v. Bennett, 144 Mo. 113; Goodson, Adm'x v. Goodson, 140 Mo. 217. (2) The possession of part of the lot in controversy, which is uncontradicted by the evidence, with title of record or even color of title in the name of the whole tract claimed (lot 86) and exercising during the time of that possession, the usual acts of ownership over the whole lot so claimed is possession of the whole of such lot, and the court erred in refusing to give plaintiffs' third declaration of law, announcing this provision of the statute, and the judgment must be reversed for this error. R. S. 1899, sec. 4266; Harbison v. School Dist., 89 Mo. 187; Benne v. Miller, 149 Mo. 236. (3) The possession of plaintiffs and their ancestor, James M. Hobbs, and those through whom he held under color of title, open, notorious, continuous, exclusive and adverse from March, 1874, and no one else in possession of any part of lot 86 during all that time down to the spring of 1897, twenty-four years, exercising all the usual acts of ownership over the same and investing their money on same in paying the taxes, etc., not only bars outstanding titles, if any, of Wm. N. and John H. Davis and R. W. Davis, Adolphus Joslyn, Joseph A. Hamilton, and all others, even the true owners, but transfer the same to the plaintiffs by limitation and prescription. "Gives the title to the occupants as effectually as any written conveyance. It takes away the title of the real owner and transfers it to the

occupant. The party who acquires a title to land under the statute by possession, adverse to the true owner, acquires all the title of the true owner precisely as if he had a deed from him. The statute of limitation gives a perfect title." Allen v. Mansfield, 82 Mo. 693.

*Kitchens & Woody* for respondents.

The only acts of ownership over the north part, as disclosed by the evidence, are: (a) the statement of Mrs. Stevens that they lived in the house on the south twenty feet in 1872 and claimed the whole lot; (b) that they paid the taxes; and (c) recorded the deed from J. V. Hobbs. These were not sufficient. The declarations of Mrs. Stevens were not competent to prove title in herself. Turner v. Breden, 9 Mo. 797; Morey v. Staley, 54 Mo. 419; Hambright v. Brockman, 59 Mo. 57; Watson v. Brissell, 27 Mo. 220; Maylar v. Hughes, 60 Mo. 105. The possessions of the south part of the lot prior to 1884, not being under color of title to the whole, the north eighty-eight feet being vacant, can not help plaintiffs' title, since the constructive possession followed the true title. Douthitt v. Stinson, 63 Mo. 268; St. Louis v. Priest, 103 Mo. 656; Woolfolk v. Buckner (Ark.), 55 S. W. 168; Rothrock v. Lumber Co., 80 Mo. App. 514. The recording of the J. V. Hobbs deed and the payment of taxes were not, of themselves, sufficient to vest title by adverse possession. Turner v. Hall, 60 Mo. 271; Chapman v. Templeton, 53 Mo. 463; Nye v. Alfter, 127 Mo. 529; McVey v. Carr, 159 Mo. 648. One of the essential elements necessary to establish title to land by possession of a part under claim of title to the whole is, "that the claimant must exercise, during the time of such partial possession, the usual acts of ownership over the whole, for the requisite period," and such acts must be so open, pronounced and conspicuous that the true owner, if looking after the land, might have seen some evidence of the hostile claim or posses-

sion.   Norfleet v. Hutchins, 68 Mo. 597; Robinson v. Clag-
gett, 149 Mo. 159.

SHERWOOD, P. J.—Ejectment for lot 86 in town of
Bloomfield.   Suit brought December, 1897.   Answer, general
denial.   Plaintiffs showed title had emanated from the United
States Government by patent, which issued from the Govern-
ment in 1839, and plaintiffs connected themselves with that
title by a regular chain of conveyances, which conveyed title
or which were at least color of title; they, or those under whom
they claim, their tenants, etc., were in the actual, adverse, no-
torious and exclusive possession of a part of the lot in the name
of the whole, paying taxes on the whole lot in good faith, and
otherwise exercising acts of ownership over it for some twenty-
four years, to-wit, from 1874 down to the spring of 1897.
And Joseph V. Hobbs, being the claimant and owner of an
undivided interest in the lot and in possession of a part of
it in the name of the whole, his possession was the possession,
also, of those who were jointly seized with him.   [Peck v.
Lockridge, 97 Mo. l. c. 558-561; Hutson v. Hutson, 139 Mo.
l. c. 237.]

No one, it seems, asserted any title to the premises until
the spring of 1897, according to defendant Martin's own testi-
mony.   But meanwhile the title of plaintiffs had ripened into
a perfect title, even if their title had been originally defective
or invalid.   Such possession for the time heretofore mentioned
vested the title in plaintiffs as absolutely as if they had been
the direct recipients of a patent from the United States.
[Cunningham v. Snow, 82 Mo. 592, and cas. cit.; Allen v.
Mansfield, Ibid, l. c. 693.]

And under section 4266, Revised Statutes 1899, the pos-
session of the part of the lot under color of title, in the name
of the whole lot claimed, and exercising, during the period of
such possession, the usual acts of ownership over the whole lot,
is deemed a possession of such lot.   To the like effect are our

decisions on the point. [Harbison v. School Dist., 89 Mo. l. c. 187; Benne v. Miller, 149 Mo. l. c. 236, and cas. cit.]

The trial court refused a declaration of law in accord with the view just announced and thereby erred.

The court gave this declaration of law: "The court declares the law to be that if the court find and believe from the evidence that the plaintiffs and those under and through whom they claim have been in the open, notorious, continuous, exclusive adverse possession of the premises in controversy, to-wit: lot 86 in the town or city of Bloomfield under title, claim or color of title, exercising the usual acts of ownership over said premises for more than ten years, then the court will find that the absolute title in fee has been cut off and transferred to and vested in the plaintiffs as if they had and held under a senior patent from the United States or the State of Missouri or Stoddard county, and the court will find for the plaintiffs and assess their damages at such sum as the evidence may show they have sustained and also assess the value of the monthly rents and profits which the evidence may show the same to be worth."

This declaration the court gave, but then found against it, but it is difficult to see upon what ground this ruling was made. This, also, was error.

This declaration of law was also refused: "The court further declares the law to be that if the court find and believe from the evidence that Joseph V. Hobbs and others were tenants in common in the premises by reason of the deeds of conveyance and other evidence in this case and that he entered into the open and notorious possession of said lot 86 under title or color of title to an undivided interest to and in the entire lot and exercised the usual acts of ownership over the entire lot under such title or color of title, then the court will find that he held said lot and possession for himself and his co-tenants, and adverse to all others to the entire lot in controversy."

Under authority above cited, where a tenant in common takes possession of a tract of land, in which he has an undivided interest, unless he manifests a contrary intention, he is presumed to hold possession as well for his co-tenants as for himself.

For these reasons, judgment reversed and cause remanded. All concur.