# J. H. WADDELL v. NANNIE CHAPMAN et al.; LAURA E. THOMASSON, Appellant.

### Division One, March 14, 1922.

**PARTITION: Common Source of Title: Title by Adverse Possession.** By his petition in a suit in partition, plaintiff claimed that he and the defendants, except one, were tenants in common of the land sought to be partitioned, as the bodily heirs of a decedent to whom said land had been conveyed for life, with remainder to her bodily heirs, and that the other defendant was in possession of said land claiming a title hostile to plaintiff and the other remaindermen. The answer of said defendant denied the title of plaintiff and the other defendants, claimed title in fee under a warranty deed and also by adverse possession and averred that the conveyance, under which plaintiff claimed, and which was also in defendant's chain of title, only conveyed an estate for the life of the grantor therein, she having only a dower interest in said land and that she had died about 1895. The reply put in issue the allegations of the answer. The trial court excluded evidence to show that the grantor in the conveyance, described in plaintiff's petition, had only an estate for her life and that she was dead, but permitted defendant, with plaintiff's consent, to introduce evidence of adverse possession for more than ten years before suit brought, so as to have the benefit of it in the Supreme Court on appeal in case the trial court was wrong. Contradictory evidence was offered by plaintiff. No instructions were asked or given. Decree for plaintiff and the defendant remaindermen for partition, etc. *Held:* (1) that defendant by claiming under the deed under which plaintiff and the other defendants claimed title was not prevented from also claiming title by adverse possession; (2) that the case having been tried as one in equity was triable *de novo* in the Supreme Court, and, as defendant's evidence showed title by adverse possession, she was entitled to a decree establishing her title as against plaintiff and the other alleged remaindermen.

Appeal from Morgan Circuit Court.—*Hon. J. G. Slate,* Judge.

REVERSED AND REMANDED (*with directions*).

*John J. Jones* and *A. L. Ross* for appellant.

(1)  Ann Ross, the widow of Carl Ross, who died in 1882, was entitled to dower, which was a life estate. R. S. 1879, sec. 2186.  (2)  Ann Ross had only a life estate to convey by her quitclaim deed to Caroline Spicer, and that is all she did convey, she had no paper title whatever, neither did her husband, Carl Ross, except the declaration and disclaimer of J. P. Ross, offered by appellant and rejected by the court.  It was duly executed, acknowledged and recorded and was competent evidence. (3)  Appellant sought to show the kind of title or estate of Ann Ross but was not permitted to do so on the alleged ground that such action was going back of the common source of title.  To show the estate conveyed by Ann Ross was permissible, and was not denying the common source of title.  Defendant should have been permitted to show that Caroline Spicer acquired only a life estate from Ann Ross.  Cummings v. Powell, 97 Mo. 536.  (4) Caroline Spicer having acquired only a life estate in said land, there could be no estate in remainder for her heirs. The estate of Caroline Spicer was terminated by the death of Ann Ross in 1890.  (5)  Caroline Spicer, ignoring the limitations of her deed, conveyed said land by warranty deed, for a valuable consideration to Leonard A. Craft under whom appellant holds.  Her estate had ceased to exist, but this fact does not effect the *bona fides* of the transaction so far as Craft was concerned.  He paid a valuable consideration, and appellant and those claiming under Craft have been in actual exclusive possession under claim and color of title for seventeen years prior to this action.  (6)  Continuous, open, peaceable and exclusive possession of said lands under claim and color of title in good faith not only bars the action of plaintiff but confers title on appellant.  Franklin v. Cummingham, 187 Mo. 184; Stone v. Perkins, 217 Mo. 586; Myers v. Schuckman, 182 Mo. 159.  (7)  It will not avail plaintiff

to say that the Statute of Limitations does not run against remaindermen. That is true when there is a remainder, but in this case there is none. (8) Appellant being in possession of the land and asserting exclusive ownership and possession, the court should have dismissed plaintiff's petition. An action in partition cannot be maintained against her by one out of possession. The plaintiff must first establish his title by an action in ejectment or by an action under Sec. 2535, R. S. 1909. Lambert v. Blumunthal, 26 Mo. 471; Forder v. Davis, 38 Mo. 107; Shaw v. Gregoire, 41 Mo. 407; Calvin v. Hamenstein, 110 Mo. 575; Womack v. Whitmore, 58 Mo. 448. (9) Before plaintiff can have partition he must show such title as will enable him to recover in ejectment. Mullerin v. Simpson, 124 Mo. 610; Snuffer v. Howerton, 124 Mo. 637; Beal v. Harmon, 38 Mo. 435; Roberts v. Ecklar, 35 Mo. 494. (10) The amended petition of plaintiff and the amended answer of appellant would have justified the court in making or permitting the most searching inquiry into the origin of the title to this land in Carl Ross and the true character of the title of Ann Ross, but appellant's evidence was rejected, and the judgment of the court is an ordinary judgment in partition, without any finding as to the possession of appellant, or the claim of the defendants Brown and Brown who hold a deed of trust on said land for $2000.

*Roy D. Williams* and *J. W. McClelland* for respondent.

(1) Respondent claims title as one of the remaindermen of Caroline Spicer, a life tenant, and appellant claims title from the same life tenant by mesne conveyance. Appellant having accepted such conveyance with notice and knowledge, entered into possession of the land thereunder, and having appropriated to herself the profits, rents and benefits arising from such possession, is estopped to inquire into the soundness and validity of her grantor's title. Bigelow on Estoppel (6 Ed.) p. 388,

sec. 3. (2) Appellant and respondent both claim title to the land through Caroline Spicer, and the conveyance by which she acquired title; both are bound by the notice of each of said instruments; both are bound by the notice of such recitals which the public records impart; both are precluded, while in court, from attacking the title upon which is founded their respective causes of action. (3) Appellant and respondent both claim title under a common source of title. A common source of title may be proved by parol evidence. Smith v. Lindsey, 89 Mo. 76; Finch v. Ullman, 105 Mo. 263. (4) Where there is a common source of title agreed to, assumed, or shown to exist and relied upon, then irregularities and infirmities in conveyances prior to the common source, becomes weaknesses common to both litigants, and, hence, immaterial. Machine Works v. Bowers, 200 Mo. 235; Ebersole v. Rankin, 102 Mo. 498. (5) Whenever both litigants claim under the same grantor, or it develops on trial that both rely upon the same third person for title, or a common source of title be proven, then the rule that plaintiff must recover on the strength of his title is departed from, and derivation of title from the common source is sufficient. Fellows v. Wise, 49 Mo. 350; Miller v. Hardin, 64 Mo. 545; Smith v. Lindsey, 89 Mo. 76; Machine Works v. Bowers, 200 Mo. 234; Feller v. Lee, 225 Mo. 319. (6) Where a common source of title is proven, the defendant may not be permitted to impeach it, save to show a better title, or the acquisition of a prior and a better title in himself. Miller v. Hardin, 64 Mo. 545; Feller v. Lee, 225 Mo. 319; Stone v. Ry. Co., 261 Mo. 74; Charles v. White, 214 Mo. 187. (7) As against some unknown person or party, or some person not a party to the litigation, the title of both litigants may be worthless, the common grantor not being the true owner, the inquiry still remains to ascertain which litigant holds the better title from the common grantor. Fellows v. Wise, 49 Mo. 350; Miller v. Hardin, 64 Mo. 545. (8) Where both litigants claim title from the same third party, or it be shown both rely thereon, or it be

proven on trial that there is a common source of title, it is sufficient for plaintiff to show title from the common source without proving title behind the common source. Bank v. Harrison, 39 Mo. 433; Brown v. Brown, 45 Mo. 412; Fellows v. Wise, 49 Mo. 350; Miller v. Hardin, 64 Mo. 545; Worley v. Hicks, 161 Mo. 348; Machine Works v. Bowers, 200 Mo. 234; Stone v. Ry. Co., 261 Mo. 74. (9) Appellant as the holder of a life estate cannot by any acts or declarations, set up pretensions to an absolute estate so as to make her possession adverse to respondent and other remaindermen; and whatever the life tenant may do or say or represent about her title, can be of no consequence to the remaindermen. It is impossible for appellant, as the holder of a life tenancy, to make her possession an adverse one to the claim and estate of the remaindermen. Salmon's Admrs. v. Davis, 29 Mo. 176; Keith v. Keith, 80 Mo. 125; Thomas v. Black, 113 Mo. 70. (10) Neither will the Statute of Limitations run against the remaindermen until the termination of the life estate, Salmon's Admrs. v. Davis, 29 Mo. 176; Keith v. Keith, 80 Mo. 125; Thomas v. Black, 113 Mo. 70; Hall v. French, 165 Mo. 439. (11) The very object of partition procedings is to adjust all rights and equities, thus leaving the purchaser at partition sale with a clear record title. Davidson v. Davidson, 249 Mo. 474. (12) The estate of remaindermen cannot be charged with the debts of the life tenant, nor for outlay for the preservation of such estate. Schorr v. Carter, 120 Mo. 409; Bldg. & Loan v. Eveler, 237 Mo. 679.

SMALL, C.—I. Appeal from the Circuit Court of Morgan County.

The amended petition filed February 5, 1918, was for partition of forty acres of land in said Morgan County. It alleged that plaintiff and defendants, Nannie Chapman and others, who were bodily heirs of Caroline Spicer, deceased, or their assigns, were the owners as tenants in common of the land, through a conveyance

thereof to said Caroline Spicer, for life, with remainder to her bodily heirs, she having departed this life in the year, 1917; that defendant Laura E. Thomasson is the tenant in possession of said land. That the title of said Laura E. Thomasson, if any, she has, is hostile and against the estate of the plaintiff and his co-remainder-men. That certain other defendants held a deed of trust made by said defendant Thomasson.

The prayer is for a decree of partition "and that the court in its decree ascertain and determine the estate and interest of the parties herein" or in the proceeds of sale should the court order the land sold in partition, and for general relief.

The said amended petition was filed after the court permitted defendant Thomasson to be made party and to file an "interplea" and answer. Said answer and "interplea" states that it is filed by said defendant to prevent the sale or division of the land in partition from casting a cloud upon her title. It then denies all the allegations in the petition or that plaintiff has any right to partition. It further alleges that she is vested with the fee title thereto, by a warranty deed from George H. Carpenter, dated April 26, 1918, and that she is in exclusive possession of said land. That she and those under whom she claims have been in open, continuous, adverse and exclusive possession of said land under claim of record title ever since 1888, and that neither plaintiff nor anyone of the other defendants nor any person under whom they claim title, had ever been in possession. Further, the said defendant denies that the title of Caroline Spicer ever vested in plaintiff or the other defendants and alleges that the only interest which Caroline Spicer had was by a quitclaim deed pleaded in plaintiff's petition, which conveyed only a dower interest or life estate of the grantor, Ann Ross, who died about the year, 1895; and that the only interest the said Ann Ross had in said land, if any, was her dower interest as the widow of her husband, who died about the year, 1882. Said answer then prays that plaintiff's petition be dis-

missed, and that the court declare the fee simple title to be in the said defendant and for general relief. The reply put in issue the new matter in the answer of said Laura E. Thomasson, except that it admitted she was in possession of said land, which the reply averred was by virtue of a conveyance of the life estate of said Caroline Spicer, deceased, and that said defendant's estate terminated upon the death of said Caroline Spicer. The reply prays that the answer of said defendant be dismissed and that a decree be entered, vesting in the said bodily heirs of said Caroline Spicer the fee title to said property, and for such other relief as was prayed for in the petition.

On the trial of the case, plaintiff offered in evidence the deed of Ann Ross to Caroline Spicer. It was dated June 19, 1889, and was made "by and between Ann Ross of the County of Morgan, State of Missouri, party of the first part, and Caroline Spicer (for life, remainder to her bodily heirs) of the County of Morgan, State of Missouri, party of the second part." Then followed in regular form a quitclaim deed for a consideration of $150 "to the said party of the second part" for the land in question. Habendum "to said party of the second part, her heirs and assigns forever." This deed was duly acknowledged and recorded June 19, 1889.

The defendant Thomasson objected to said deed unless plaintiff also showed what title Ann Ross had, stating that she only had a life estate, but the court ruled that inasmuch as said defendant claimed under said deed, said Ann Ross was the common source of title, and plaintiff need not go back of the deed from her. To which ruling defendant excepted. Plaintiff then introduced evidence tending to show that plaintiff and the other defendants, except defendant Thomasson, were the bodily heirs of said Caroline Spicer and that she died, November 6, 1917. Plaintiff then rested.

Defendant Thomasson, then offered to read in evidence the following instrument: "Having many years ago conveyed to my freedman, Carl Ross, the South-

west quarter of the Southeast quarter of Section seven (7) in Township Forty-two (42) Range Seventeen (17) in Morgan-County, Missouri, which said conveyance is not of record and is said to have been lost—now therefore I hereby declare and make known to all whom it may concern that I neither have, nor claim to have, any interest whatever in said lands. . . . In Witness whereof I have hereunto set hand and seal this eleventh day of February, 1891. Signed, J. P. Ross, (Seal)'' This document was duly acknowledged, February 11, 1891, and recorded April 15, 1891.

On objection of plaintiff, the court excluded the above document, to which defendant excepted. The defendant then introduced the conveyance in her chain of title, the first being a warranty deed purporting to convey the fee title dated, January 28, 1893, from Caroline Spicer and husband to L. A. Craft. This was followed in regular sequence with quitclaim and warranty deeds, the last being a warranty deed to defendant Thomasson by George Carpenter and wife purporting to convey said lands and other lands for a consideration of $3200. Defendant then offered witnesses to prove that Carl Ross lived in Morgan County and died in 1882 and left surviving him, his widow Ann Ross, and a son Reuben, who is still living, and that Ann Ross died about the year 1890. On objection of plaintiff, the court rejected this offer, to which defendant excepted.

Defendant thereupon introduced evidence tending to prove that defendant and those under whom she claimed title had been in the adverse possession of the land claiming to own it in fee, for more than ten years before the plaintiff filed his suit. One witness testified he knew the land "when Curly (Carl) Ross lived down there" and another that ''Curly'' claimed to own the land in question. The lower court at the trial agreed with the suggestion of counsel for respondent, that adverse possession would not run against plaintiff and the other remaindermen, until the death of the life tenant, Caroline Spicer, in 1917, but allowed the evidence of defend-

ant showing such possession, to be introduced, with plaintiff's consent, so that defendant could have the benefit of it on appeal to the Supreme Court in case the court was wrong in the view it took. There was no contradictory evidence offered by plaintiff. No instructions were asked or given.

The court adjudged the land to belong to plaintiff and the other defendants, the bodily heirs of said Caroline Spicer, and adjudged partition between them as prayed in the petition. After vainly asking for a new trial, defendant Thomasson appealed to this court.

II. The question presented on this appeal is whether the defendant Thomasson could go behind the common source of title, Ann Ross, under the pleadings and evidence in the case. The lower court ruled she could not, that said defendant's possession could not be adverse. The court therefore refused to consider her title by adverse possession and excluded evidence offered by her as to an outstanding title in Carl Ross and his heirs.

In support of that ruling, the respondent's learned counsel contend that although defendant was in possession, under claim of title in fee, the plaintiff would only be required to show that defendant Thomasson claimed title under Ann Ross, the same person or common source, under whom the plaintiff and other defendants claimed, and that under the deed from Ann Ross, the common source, to Caroline Spicer, the plaintiff, and other defendants had the better title. They contend that defendant Thomasson and her predecessors in title only had the life estate of Caroline Spicer which expired with her death in 1917. That adverse possession would not run against plaintiff and said other remaindermen until after her death in 1917, which was less than ten years before suit filed.

We do not agree to this contention, because while said defendant Thomasson claimed title under Ann Ross, the common source, she also claimed title by adverse pos-

*[Margin note:]* Partition: Common Source of Title: Adverse Possession.

session. It is clear enough that defendant failed so far as she claimed title under the common source. But did she not prove and have a right to prove she also had title by adverse possession? We think so. In Cummings v. Powell, 97 Mo. at page 536, this court, per BLACK, J., said: "It is insisted that as the defendant put in evidence the deeds from the plaintiffs' ancestors, he is estopped from disputing their title. There is in this case no relation of landlord and tenant, nor is defendant in possession under an unexecuted contract for the purchase of the land, nor is he in possession under one whose land has been sold on execution. The relation of defendant to plaintiffs' ancestors is no more than that of vendor to vendee. In such cases, the vendee holds adversely to the vendor. He may set up the Statute of Limitations as against the vendor, an outstanding title, and may buy up as many titles as he likes (Macklot v. Dubreuil, 9 Mo. 478; Landes v. Perkins, 12 Mo. 238; Cutter v. Waddingham, 33 Mo. 269; Mattison v. Ausmuss, 50 Mo. 551; Wilcox v. Osborn, 77 Mo. 621); and as a consequence, show that the vendor had no title. When both parties claim title from the same grantor, nothing more appearing, the title in the common grantor will be taken as admitted. [Fowler v. Wise, 49 Mo. 350; Holland v. Adair, 55 Mo. 40.] But this rule does not prevent the defendant, in ejectment, from showing that the plaintiff had no title. . . . We see nothing to take this case out of the rule that plaintiffs must recover, if at all, on the strength of their own title. It is a proper case for its application, and especially in view of the fact that defendant has been in possession for such a long time." Showing a common source of title simply makes out a prima-facie title in the plaintiff in ejectment, the attitude the plaintiff and his alleged co-remaindermen occupied in this case, which may be overcome by defendant showing an outstanding title in a third party or title in himself by adverse possession or by conveyance from a third party. The authorities cited by learned counsel for appellant are not to the contrary. In Miller

v. Hardin, 64 Mo. at page 547, the court says: "When this (common source of title) is shown by plaintiff, he establishes a prima-facie right and unless the defendant can trace his title or right to the true owner—if such common source is not the true owner—or can show a better title to the interest of such grantor, the plaintiff must prevail." In that case the question of title by adverse possession in defendant was not raised, but if the better title from the common source simply makes a prima-facie case for plaintiff, it follows that it may be overcome by showing any other source of title in the defendant, including title by adverse possession. In the case of Feller v. Lee, 225 Mo. l. c. 326-27, the ten years required to ripen possession into title had not expired, and there was a common source of title, and the court held that plaintiff must prevail because he had the better title from the common source. But the court distinguished that case from a case where the Statute of Limitations had run its full course. Lamm, J., delivering the opinion of the court, said, page 327: "Let us suppose the ejectment suit had not been instituted until the ten year limitation had run. *Is it thinkable* that defendant at the trial would not have claimed his *tax deed* filled an office in establishing title, that he *had ownership* by continuous adverse possession under claim of right and under color of title?" So in Stone v. Railroad, 261 Mo. at page 74, the court says: "That makes a common source of title which cannot be impeached by defendant except by showing a title superior to that of the common source. [Miller v. Hardin, 64 Mo. 545; Feller v. Lee, 225 Mo. 319.]" Title by adverse possession will raise a presumption as against everybody except the Government that the title has passed from the Government and is vested in the holder. [Barry v. Otto, 56 Mo. 177.] Adverse possession not only bars an action but confers an independent title. [Kirton v. Bull, 168 Mo. 622; Stevens v. Martin, 168 Mo. 407; Scannell v. American Soda Fountain Co., 161 Mo. 606.] In this case the defendant Thomasson and those under whom she claimed

did not claim simply the life estate of Caroline Spicer or any other person, but claimed ownership in fee, which their chain of title, including the deed made by Caroline Spicer and husband purported to convey to them. A deed to defendant in possession through the common source of title does not estop defendant from setting up title by adverse possession, nor toll the Statute of Limitations from running in his or her favor. If the statute did not run against plaintiff and the other bodily heirs of Caroline Spicer, it was because they were the owners in fee in remainder, after her death. The burden was upon them to show that they were such owners in fee in remainder before they can contend that the statute did not run against them until she died. This they did not do and could only do as against defendant Thomasson's title by adverse possession, by showing a fee title in Ann Ross, which they failed to show.

III. The case having been tried as an equity case below, and so considered by both sides in this court, it is triable *de novo* here and we must pass on the evidence as well as the law of the case. [Harwood v. Toms, 130 Mo. 225.] The evidence of defendant Thomasson's adverse possession for more than ten years prior to suit brought being undisputed, we must find that she made out her title to the property by adverse possession. We so hold. It is therefore not necessary for us to pass upon other alleged errors of the lower court urged by learned counsel for appellant. Consequently, we reserve the judgment of the Circuit Court, with directions to set aside its judgment heretofore rendered herein and enter judgment against the plaintiff and defendants claiming as bodily heirs of said Caroline Spicer or through said heirs; also, declaring that they have no right, title or interest in said property and that said property is owned by defendant Laura E. Thomasson in fee simple subject to the rights, if any, of other defendants claiming under her. *Brown* and *Ragland, CC.,* concur.

*(margin note: Equity Case: Trial De Novo: Decree.)*

PER CURIAM:—The foregoing opinion by SMALL, C., is adopted as the opinion of the court. All of the judges concur.