JOHN M. BROWN, Respondent, *v.* JAMES K. BROWN, Appellant.

1. *Ejectment — Proof of sheriff's deed proper under general issue.*—In a suit in ejectment, the deed of a sheriff conveying the property in controversy to defendant, under a judicial sale, is admissible in evidence as well under the general issue, as showing a defect of title in the plaintiff, as under special averments.

2. *Ejectment — Title from common source — Title by defendant at sale under judgment against plaintiff—Prima facie case for plaintiff—Rebutted, how.*— It is an established principle that in ejectment suits, where both litigants claim title through the same third party, it is sufficient for the plaintiff to deduce title from the common source; and when defendant claims through purchase at sheriff's sale of the property, under judgment of another against plaintiff, he thereby admits the validity of plaintiff's title up to the date of the sale, and concedes a *prima facie* case to plaintiff; and the burden of proof devolves upon him to overcome it by showing that plaintiff's title has vested in himself, or come to a determination in some other way.

*Appeal from Fifth District Court.*

*Asper, Pollard & Richardson,* for appellant.

The court erred in refusing to give judgment for defendant, he having the superior possession, as well as having shown, by his sheriff's deed, *prima facie* title. It was only necessary for defendant to offer his deed, and the law did not require him to make proof of a judgment. The plaintiff could only overcome this by affirmative evidence, which was not done. (2 Greenl. Ev., § 306 ; Merchants' Bank v. Harrison, 39 Mo. 433 ; Knowlton v. Smith, 36 Mo. 307.)

*McFerran & Collier*, for respondent.

The appellant, in his answer, claimed title by purchase at sheriff's sale on execution against the respondent; and thus claiming title from and through the respondent, he is estopped from denying respondent's title prior to and at the time of the purchase. (39 Mo. 433; 9 Mo. 173; 6 Mo. 106; Adams on Eject. 32, and note 77.)

CURRIER, Judge, delivered the opinion of the court.

This is an ejectment suit brought to recover possession of a farm in Daviess county of some three hundred and eighty acres, formed from parts of sections twelve and thirteen, township forty-nine.

The plaintiff deduces title from his deceased brother, William P. Brown, under a purchase from the latter's administrator in October, 1855, for the consideration of $2,025. The case shows that the plaintiff, soon after the purchase, went into possession, and thenceforward continued to hold and enjoy the property as the owner until March, 1864, when the defendant, in the plaintiff's absence in California, got into possession, and now claims to hold the estate under a title alleged to have been acquired from the plaintiff himself through a judicial sale.

The defendant, by his answer, disclaims as to forty acres, pleads the general issue as to part, and sets up title in himself as to the residue under the alleged judicial sale. The plaintiff recovered judgment in the Circuit Court for all but the forty acres. The judgment was affirmed in the District Court, and the defendant brings the case here by appeal. At the trial in the Circuit Court, the defendant, in support of the issue on his part, read in evidence a deed executed by the sheriff of Daviess county, November 4, 1863, which purports to convey to him all the plaintiff's right, title, and interest in and to the farm in question, except the disclaimed forty acres, for the consideration of $280. The deed recites a judgment rendered by the Probate Court of Daviess county, in favor of one Joab Woodruff, against the plaintiff and one Oxford. The sale and conveyance were

made in virtue of an execution issued upon this judgment, which thus constituted the foundation of the proceeding. The defendant also gave evidence tending to show that he took possession under the sheriff's deed, and that he thenceforward claimed the property as his in virtue thereof. The case has been confused by the form of the answer, which seems to contemplate a line of defense different from that actually made at the trial. At the trial the sheriff's deed was employed to defeat the whole action, although it was alleged in the answer as a defense to only a portion of the premises in controversy.

The deed, however, was admissible in evidence as well under the general issue, as showing defect of title in the plaintiff, as under the special averments. The case stands, therefore, as regards the pleadings, as though the defendant had pleaded the deed and the title supposed to have been acquired under it as a defense to the entire action; or, omitting this, had rested his defense solely upon the general issue. And this seems to have been the view taken by the defendant's counsel; for it is insisted that the sheriff's deed cut up the plaintiff's case, root and branch, destroying the entire cause of action. One point made by the defendant in this court is thus expressed: "The court (below) erred in rendering judgment for the plaintiff, and not for the defendant, after the defendant had introduced the sheriff's deed for the same land—the plaintiff not having introduced any evidence to rebut the *prima facie* case established thereby for the defendant." It is thus clear that the sheriff's deed was relied upon as a defense to the entire action, and not as a defense to a part of it merely. In other words, the defendant claimed title through the plaintiff to the whole subject-matter of the litigation, founding himself upon the sheriff's deed. The defendant thus stands claiming title through and from the plaintiff, and rests upon that title as a ground of defense covering the whole case except the disclaimed forty acres, and thus admits his antagonist's title at the date of the sheriff's deed. There is, therefore, no necessity of inquiring into the state of the plaintiff's paper title antecedently to the sheriff's sale.

It is an established principle that where both litigants claim

title through the same third party, it is sufficient for the plaintiff in an ejectment suit to deduce title from him who is the common source of title. (2 Greenl. Ev., § 307; Adams on Eject., by Tillinghast, p. 248; Merchants' Bank v. Harrison, 39 Mo. 433.) In the case at bar the plaintiff is the common source of title, since the defendant claims through him, and, thus claiming, necessarily admits the title of the party from whom he attempts to deduce title. Even an agreement to purchase, deliberately made, has been held to have the same effect, estopping the bargainee from disputing the bargainor's title. (1 Wend. 418; 7 Cow. 637.) Nor is this all. It seems that any act of acknowledgment, amounting to an admission of title in the plaintiff, concedes to him a *prima facie* case, and devolves upon the opposite party the burden of overcoming it by means proper to that end, as by showing that the plaintiff's title has vested in the defendant, or come to a termination in some other way. (2 Greenl. Ev., § .305; 11 Moore, 394.) In the case before us the defendant attempted to show that the plaintiff's title to the disputed premises had come to a termination, and had passed to and vested in the defendant, through the medium of the sheriff's deed. The deed was read in evidence by the defendant without objection, but the court refused to instruct as to its effect, as the defendant desired.

The defendant's fifth and sixth instructions direct the jury, for substance, to find for the defendant — the fifth as to all the land, and the sixth as to all but sixty acres. These instructions were refused by the court, and properly. They are based upon two assumptions of law and one of fact: 1. That no *prima facie* case was made for the plaintiff. This point has already been sufficiently considered. So much was admitted by the character of the defense. 2. That the sheriff's deed operated, *prima facie*, to vest the plaintiff's title in the defendant. 3. That there was no evidence from which the jury was authorized to find facts invalidating the deed. This assumption was unwarranted.

It appears from the record that evidence was submitted to the jury tending to show that Oxford, one of the joint defendants in the judgment recited in the sheriff's deed, and upon which

the validity of the deed depended, was dead at the time the judgment was rendered. It also further appears that evidence was given tending to show that the present plaintiff, who was the other defendant in that proceeding, was at the time absent in California, and that he was never served with process or otherwise notified of the pendency of the suit.

In a word, there was evidence tending to show that the judgment was rendered without jurisdiction or authority. The weight of this testimony was properly left to the consideration of the jury. In the argument no effort was made to defend these instructions on this third ground, and it is not necessary to pursue the subject further. The whole labor of the argument in behalf of the defendant was directed to the supposed insufficiency of the plaintiff's paper title—a point rendered immaterial, as we have seen, by the character of the defense itself, since it deduced the defendant's supposed title from the plaintiff.

I discover, upon a review of the whole case, no sufficient reason for disturbing the judgment of the court below, as being either against the law or the evident justice of the case. I am, therefore, of the opinion that the judgment ought to be affirmed. The other judges concur.