THE UNION BANK OF MISSOURI, Plaintiff and Appellant, vs.
W. T. MANARD, Defendant and Respondent.

1. *Ejectment—Title—Common grantor—Title in third party, etc.*—When both
   parties in an ejectment suit claim under a common grantor, all that is necessary
   for plaintiff to do, in order to insure a recovery, is to show that he has a better
   title from the common grantor. That some one else has a better title in such
   a case does not matter.

2. *Lands and land titles—Lien of judgment—Sale under execution will relate
   back to date of judgment, when.*—Where an execution is issued and levied on
   real estate, while the lien of the judgment thereon is in force, and a sale under
   the execution is properly made, and a deed executed to the purchaser, such
   deed will relate back to the date of the judgment, and the title that defendant
   had at that time will pass.

*Appeal from Linn Circuit Court.*

*G. D. Burgess*, for Appellant.

*A. W. Mullins*, for Respondent.

VORIES, Judge, delivered the opinion of the court.

The plaintiff sued the defendant, in an action of ejectment
in the Circuit Court of Linn County, to recover a tract of land
in the petition set forth.

The petition was in the usual form. The defendant by his
answer, admits that he is in the possession of the land claimed,
but charges that he entered by a sufficient legal title. He de-
nies the other allegations of the petition, and sets up the stat-
ute of limitations of two years, charging that neither the
plaintiff nor its predecessor or grantor, nor any person under
whom it claims, was seized or possessed of the land in ques-
tion at any time within two years next before the bringing of
this suit; that said land is what is known as Military Boun-
ty land. The plaintiff replied putting in issue the affirmative
allegations of the answer.

A trial was held before a jury and the plaintiff attempted to
derive title to the land in itself, by a patent from the United
States, and from thence tracing title from the patentee through
others to itself. In this attempt it wholly failed, but in order
to show its right to a recovery it introduced a deed (among oth-
er deeds offered and read in evidence) from Southcote Shaw

and wife of Boston to Henry H. J. Grill and Robert Hayle, purporting to convey the land described in the petition to the said Grill and Hayle. This deed was dated April 16th, 1860.

The plaintiff next read in evidence a deed bearing date April 9th, 1862, from said Grill and Hayle and their wives, which purported to convey the land in controversy to plaintiff. The plaintiff then, to show that the defendant claimed to hold title to the land in controversy, by virtue of a title derived from the same persons from whom plaintiff claimed, and could therefore not dispute the title of plaintiff's grantors; offered in evidence a deed executed by the sheriff of Linn County to one William H. Brownlee, purporting to convey to said Brownlee the same lands in controversy. The sheriff's deed recited that on the 8th day of October, 1860, a judgment was rendered in the Circuit Court of Linn County in favor of Mary Burns and Isaac Schrack, and against H. H. Gibson and Henry H. T. Grill for the sum of $289.90 for debt and $7.95 for damages, upon which judgment an execution issued from the Clerk's office of said Court in favor of Mary Burns and Isaac Schrack, and against the said H. H. Gibson and H. T. Grill, dated the second day of Mch., 1864; directed to the sheriff of the County of Linn, and that the same was to him delivered on the 8th day of March, A. D. 1864, by virtue of which said execution, the said sheriff did on the 12th day of March, 1864, levy upon and seize, all the right, title, interest and estate of the said Henry H. T. Grill, of, in, and to the following described real estate, situate in said county. The land levied on was then fully described, and among other lands, was the land in controversy. The sheriff's deed then proceeds to recite the notice given of the sale under the execution, the sale to said Brownlee, and that the land in controversy was conveyed to him, all in the usual form, and as the law directs. It was also shown that this deed was acknowledged, in open Court in proper form on the 16th day of April, 1864, and that it was filed for record in the Recorder's office on the 25th of April, 1864.

The plaintiff then for the same purpose, read in evidence

a deed from said Brownlee to Abednego Manard, dated January 25th, 1868, and purporting to convey the same land to said Manard. This deed was also shown to have to have been acknowledged and filed for record on the 25th day of January, 1868.

It was then admitted by the defendant that he entered into possession of the land under Abednego Manard, and that he was holding under him. The plaintiff, after introducing this evidence, closed his case. The defendant then demurred to the evidence of plaintiff, for the reason that there was no evidence to show that plaintiff, or those under whom he claimed, ever had any title to or any possession of the land, and because the evidence showed a good subsisting outstanding title in a third party, &c., &c. The Court overruled the defendant's demurrer to the evidence and the defendant excepted.

The defendant then introduced evidence to show the time, at which possession was taken under Manard, under the purchase from Brown, and the nature and extent of the possession, &c., &c. The plaintiff offered evidence to rebut defendant's evidence, all of which oral evidence was intended to show an adverse possession, so as to create a bar under the Statute of limitations, to plaintiff's action. Instructions were asked on both sides, but as we do not think that this parol evidence or the instructions in the case need be considered, in order to make a proper disposition of the case, they will not be further noticed.

It is not pretended by the plaintiff that he has shown any paper or written title to the lands in controversy ; but he seeks to invoke a rule of law in his favor which he contends estops the defendant from disputing the title of his grantors. Where both parties in an ejectment suit claim under a common grantor, it is admitted that all that is necessary for the plaintiff to do in order to insure a recovery in such case is to show that he has the better title derived from the common grantor. That some one else may have a better title in such case does not matter. (Fellows vs. Wise, 49 Mo., 350; Brown vs. Brown, 45 Mo., 412.)

In the case under consideration, the plaintiff claims under Grill and Hayle. The defendant claims to be in possession under Grill only. This is clearly shown from the Sheriff's deed read in evidence by the plaintiff, hence the claim of the defendant under Grill does not and cannot prevent him from disputing the title of Hayle. There being no evidence to show that Hayle ever had any title, and defendant not being estopped from denying it, plaintiff cannot rely on any supposed title from Hayle for a recovery of any part of the lands. This disposes of plaintiff's title so far as Hayle is concerned. Now if it is admitted that defendant cannot deny the title of Grill; but that he must show a better title from Grill than plaintiff has shown, how will his case stand? The latter has shown by the deeds offered by himself that his title from Grill is predicated upon a deed executed by Grill and Hayle dated the 9th of April, 1862, and that the sheriff's deed conveying the land to Brownlee (under whom defendant claims) was predicated on a judgment in the Linn Circuit Court rendered on the 8th day of October, 1860. That an execution was issued on the judgment on the second day of March, 1864, and a sale under said execution to Brownlee on the 12th of April, 1864. The execution, levy, notice and sale all appear to have been regular from the recitals in the deed read in evidence by the plaintiff. Now, if the execution was issued and levied while the lien of the judgment was in force, and the sale under it properly made and a deed executed to the purchaser, such deed would relate back to the date of judgment, and the title that the defendant had at that time pass. (Valentine vs. Havener, 20 Mo., 133; Davis vs. Ownsby, 14 Mo., 170; Reed vs. Ownby, 44 Mo., 204.)

The judgment under which the sale was made to Brownlee was rendered on the 8th of October, 1860. Under the statute in force at the rendition of the judgment, the lien of the judgment on all of the lands of the defendant in the county where the judgment was rendered, would continue for three years from the rendition thereof. By the acts of the General Assembly of this State approved March 17th, 1863, (Sess. Acts

1863, p. 24,) the liens of judgments then in force were extended for a period of five years from their rendition. In the judgment against Grill & Hayle, under which the execution was issued, and the sale took place, the lien was by this law continued until the 8th day of October, 1865, so that the sale was made before the lien expired and the deed would relate back to the 8th day of October, 1860, more than a year before plaintiff purchased the land, by which purchase it claims title; so by the plaintiff's own showing, it appears that the title of Grill had passed to Brownlee and would defeat any title that plaintiff could have received from him. The deed which he received from Grill & Hayle conveyed no title as to Hayle, as Hayle had none to convey, and what little it got from Grill was subject to be defeated by the lien of the judgment, which the sheriff's deed read in evidence by plaintiff shows had been done.

With this view of the case, the plaintiff has by its own evidence, shown that it has no title in the lands sued for, and that there is no evidence upon which the instructions asked by it could be predicated, and the court ought to have instructed the jury to find for defendant. It is not necessary to notice the instructions given or refused. The verdict being clearly for the right party, the judgment ought to be affirmed.

With the concurrence of the other judges the judgment is affirmed.