JAMES A. MATNEY, Respondent, *vs.* FRANCIS GRAHAM, *et al.*, Appellants.

1. *Sheriff's sale—Purchase at—Outstanding title, etc.*—Defendant in an execut on and those acquiring possession under him cannot defeat the recovery of the purchaser at the sheriff's sale by setting up an outstanding title.

2. *Ejectment—Possession of judgment debtor transferred by execution sale—Common source of title admitted—Ejectment by one having neither title nor possession, etc.*—If a judgment debtor at date of sale under execution has a bare possession, and no other claim, his interest to that extent is transferred by the sale and the judgment is a lien on that interest. And the purchaser may sue in ejectment against a defendant holding merely by virtue of an after acquired possession; and where plaintiff and defendant both claim under a common source of title, plaintiff need not prove chain of title further back, as the title held by the common source is admitted. But where plaintiff has neither title nor possession at date of execution sale, he cannot oust even a trespasser.

*Appeal from Buchanan Circuit Court.*

*B. F. Loan,* for Appellants.

I. The doctrine that neither party in an ejectment need go back of a common source of title on which both rely, has no application where, as in case at bar, defendant relies simply on his adverse possession. (Macklot vs. Dubreuil, 9 Mo., 477; Page vs. Hill, 11 Mo., 150.)

II. And plaintiff cannot defeat such possession by purchasing a subordinate title. But defendant being in possession may buy in any title in order to strengthen such possession, and will not be put in a worse position because his title proves subordinate and worthless.

In this case the common source of title has neither possession nor right of possession; hence, Brown vs. Brown, (45 Mo., 548); Fellows vs. Wise, (49 Mo., 350,) has no application.

*Ringo & Vories,* for Respondent.

I. The facts showing a common source of title, the title of the grantor cannot be denied. (Chouquette vs. Barada, 33 Mo., 249; Merchants' Bank vs. Harrison, 39 Mo., 433; Fugate vs. Pierce, 49 Mo., 441; Union Bank vs. Manard, 51 Mo., 548; Fellows vs. Wise, 49 Mo., 350; Brown vs. Brown, 45 Mo., 412; Tyl. Ej., 543, 557–8; 2 Greenl. Ev., § 307.)

II. The appellant claims under Hays and not Mrs. Noble, (same case, 50 Mo., 559,) and an outstanding title in her cannot avail him. (Fellows vs. Wise, 49 Mo., 350; Brown vs. Brown, 45 Mo., 412; Union Bank vs. Manard, 51 Mo., 548.)

NAPTON, Judge, delivered the opinion of the court.

This was an action of ejectment. The plaintiff claimed title from one Hays and attempted to trace title from Hays back to the United States; but in the opinion of the court that tried the case he failed in showing title in Hays. This chain of title is not preserved in the record and no question arises on it, and this court can, of course, give no opinion concerning it.

The plaintiff established a possession in Hays in the year 1866, which, however, was abandoned before the plaintiff purchased under execution and received a sheriff's deed in 1869. This execution was on a judgment against Hays in 1864.

The plaintiff then proceeded to prove that in 1868, Hays had made a deed of trust to one Self, to secure Burnside, (who was the defendant, Graham's landlord,) and that under a sale made by Self, Burnside became the purchaser and took possession of the lot.

Upon this evidence the court instructed the jury: 1st. That the sheriff's deed to James A. Matney for said lot 3 in block 4, vests *prima facie* all the title of said Hays in and to said lot; and that the deed of trust read in evidence from said Hays to Self, to secure Burnside in the payment of the note therein named of Jan'y 8, 1868, was subject to the lien of the judgment of plaintiff of June 30, 1864; and that the sale under said deed of trust and purchase by Burnside under the sale did not divest plaintiff's lien and give said Burnside a title superior to that of plaintiff to said lot—provided the jury believe from the evidence that Burnside, at the time of his purchase, knew that plaintiff, Matney, had purchased said lot at sheriff's sale under his judgment against Hays; 2nd. If the jury believe from the evidence that Burn-

side, after his purchase of said lot under the deed of trust from Hays to Self, took possession of it solely under and by virtue of such purchase and claiming said land solely under said purchase, and put the defendant, Graham, into possession of said land as his tenant, and Graham made no claim to said lot or the possession thereof, except as tenant aforesaid, then said defendant is estopped from denying title in said Hays and the jury will find for plaintiff, provided they further find that defendant, Graham, was in possession of lot 3, etc., at the commencement of this suit, and that Burnside purchased with notice of plaintiff's title.

Upon these instructions the verdict was for the plaintiff and the only question here is as to their propriety.

These instructions were no doubt designed to assert the familiar doctrine that a defendant in an execution and those acquiring possession under him cannot defeat the recovery of the purchaser at the sheriff's sale, by setting up an outstanding title.

The instructions entirely ignore the question of Hays' possession which was a question of fact for the jury. It is conceded that Hays had no title, or at least none was shown, and if he had neither title nor possession, it is not easy to see how a judgment, execution sale and sheriff's deed would pass any. But the judgment was a lien upon whatever interest Hays had in the lot; and although he had no title, yet if he was in possession at the date of the judgment, the sale under execution would transfer the possession or the right of possession to the purchaser. How this was in point of fact, does not appear, and the instructions should have been so qualified as to leave this to the jury.

There is no doubt that a pure possession alone will entitle a party to recover in ejectment, where the plaintiff connects himself with that possession. (Smith vs. Lorillard, 10 Johns., 355.) Here the plaintiff does connect himself with that possession, if the judgment under which he bought was a lien on such possession. But if the judgment debtor has no title and no possession either, upon which it can attach, he has no

right to turn out a mere trespasser. And certainly a tres-
passer is no worse off by buying up a worthless title and one
subordinate to another title equally worthless. In such case
the law does not interfere but leaves the possession where it
is found. I do not regard the cases of Fellows vs. Wise, (49
Mo., 350); Brown vs. Brown, (45 Mo., 412); Merchants'
Bank vs. Harrison, (39 Mo., 440); Union Bank vs. Manard,
(51 Mo., 548,) as conflicting with these views.

Judgment reversed and case remanded; the other judges
concur except Judge Vories not sitting, having been of counsel.