ROBERT McGUIRE, APPELLANT, V. HUGH G. CLARK ET AL.,
APPELLEES.

FILED SEPTEMBER 25, 1909. No. 15,679.

Deeds: DELIVERY. On a record showing that the owner of a government homestead, for the purpose of apparently divesting himself of title in furtherance of a design to preempt a tract of government land, signed, acknowledged and registered a deed to his brother without the latter's knowledge, a finding that there was no delivery of the deed was *held* proper, where grantor never intended to deliver it, kept it in his own hands, and retained possession of the homestead.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Robert A. Moore,* for appellant.

*C. L. Gutterson* and *Sullivan & Squires, contra.*

ROSE, J.

This is an action to quiet plaintiff's title to a quarter section of land in Custer county. Patrick McGuire, a brother of plaintiff, acquired the land as a government homestead, having obtained the final receipt September 10, 1886, and the patent April 11, 1889. Plaintiff's claim to title rests on a warranty deed from Patrick McGuire. It was dated November 1, 1886, and recorded June 19, 1888. The county records show a reconveyance from Robert McGuire to Patrick McGuire December 23, 1889, but plaintiff alleged it was a forgery, and that in his absence from the state Patrick McGuire induced some one to impersonate plaintiff, and to execute, acknowledge and deliver the forged instrument. Plaintiff further averred that Patrick McGuire, on the strength of the apparent title based on the forged deed, borrowed money and mortgaged plaintiff's land to secure the loan; that the mortgage was foreclosed, and that defendants, with full knowl-

edge of the forgery and of plaintiff's ownership, bought the property and claim title through mesne conveyances from the purchaser at the foreclosure sale. Plaintiff also alleged he first learned of the forgery, of the mortgage, and of the foreclosure proceedings, in February, 1906.

Defendants denied plaintiff's alleged ownership and title, and averred that Patrick McGuire, without plaintiff's knowledge and without consideration, signed, acknowledged and registered the deed under which plaintiff claims title. They also alleged that the deed was never delivered; that it was never the intention of Patrick McGuire to deliver it, or by means of it to divest himself of title, or to convey the land to plaintiff; that grantor kept the deed and retained possession of the land; and that the deed was made for the purpose of ostensibly divesting the title of grantor in furtherance of a design on his part to preempt a tract of government land near his homestead. Defendants also pleaded mesne conveyances from the purchaser at the foreclosure sale and the defense of adverse possession. In addition, they denied knowledge of the alleged forgery. On all the issues raised by the pleadings the trial court found in favor of defendants and dismissed the suit. Plaintiff appeals.

Thirty-one errors are assigned, but the sum of all of them is that the judgment is not sustained by the evidence. Plaintiff relies on his deed from the patentee, shows he did not reconvey the land, and argues his title has never been divested. To justify the dismissal of the suit, defendants argue that plaintiff's deed was never delivered to him, and that, therefore, he never had any title to the land in controversy. They also rely on adverse possession as a defense, and insist that the finding in their favor on that issue is sustained by the evidence. The first question presented by the record, therefore, is: Do the proofs show a delivery of the deed from Patrick McGuire to his brother Robert McGuire? There was no actual delivery or formal acceptance, but plaintiff insists the deed was signed and acknowledged by the grantor and recorded pursuant to his

order. These acts, according to plaintiff's view of the law, amounted to a delivery and transferred to him grantor's title to the land. Delivery was a question of fact for the determination of the trial court, and registration of the deed was *prima facie* evidence thereof. *Gustin v. Michelson*, 55 Neb. 22. On this issue the trial court found: "The said Patrick McGuire on November 1, 1886, made a deed to said premises and inserted therein the name of his brother, Robert McGuire, as the grantee thereof. Whereupon the said Patrick McGuire procured said deed to be recorded in the office of the county clerk of Custer county, Nebraska, *ex-officio* register of deeds of said county, paid the recording fee therefor, and had said deed returned to him, the said Patrick McGuire, who always thereafter retained the possession of said land. The court finds that said deed was never delivered by the said Patrick McGuire to Robert McGuire; that the said Robert McGuire paid nothing therefor, and that there was no consideration for the same; that the said Patrick McGuire did not intend when he executed and recorded said deed to convey the title to said premises to the said Robert McGuire; but, supposing that, under the federal law, he could not remove from the homestead, while the title thereto still remained in him, to a preemption, for the purpose alone of apparently vesting the title in his brother, the plaintiff, he executed said deed and at the same time made said preemption entry; that the said Patrick McGuire thereafter, and some time during the years 1894 and 1895, died; that the said Robert McGuire never knew anything of said transaction, and never knew anything about said deed or the fact that the same had been made and recorded until long after Patrick McGuire had died, and some time during the year 1898. The court finds that the said Robert McGuire never claimed to own said land, never was in possession thereof, never ratified and approved any conveyance thereof to himself, and never ratified, approved or accepted said deed of the said Patrick McGuire prior to the year 1906."

In determining whether these conclusions were properly drawn from the evidence, the entire record has been examined. Registration of the deed is the only evidence of delivery. Other proof of an intention on part of grantor to deliver the deed is entirely wanting. There was no evidence that the parties had previously made a contract of sale, or that grantor was indebted to plaintiff, or that the latter's creditors were asserting liens. On the other hand, there is proof that grantee had recently come from Ireland with money furnished by grantor, and that the money had been refunded. Both parties were unmarried. In acquiring the property for himself, grantor had endured the hardships of a frontier life. After registration of the deed, he mortgaged the land to procure funds for his own benefit. The testimony of the grantee himself shows that he never saw the deed; that he did not know it was placed on record or who caused it to be recorded; that it was not delivered to him personally by his brother or by any one else; and that he paid his brother nothing for it. There is also testimony that grantor kept the deed in his own possession after it was recorded; that he retained possession of the premises thereafter; and that it was not his intention to convey the premises to his brother. Grantee was never in possession of the land. He did not attempt to incumber or convey it. No creditor of his attempted to subject the property to the payment of debts. In addition, witnesses testified, in effect, that grantor said his purpose was to acquire more land, and not to part with what he already had.

This court is committed to the rule that actual delivery and formal acceptance of a deed are not essential to its validity, where grantor placed it on record for the purpose and with the intent of transferring the title pursuant to a valid agreement between the parties. *Fryer v. Fryer*, 77 Neb. 298. In the case cited, and in other cases announcing a similar doctrine, the intention to transfer the title is a material element. In the present case such an intention is entirely wanting. While registration is evi-

dence of delivery, as held in *Gustin v. Michelson*, 55 Neb. 22, the mere recording of an acknowledged deed, without an intention to deliver it, does not operate as a delivery or as a transfer of title to grantee. *Samson v. Thornton*, 3 Met. (Mass.) 275; *Barns v. Hatch*, 3 N. H. 304; *Derry Bank v. Webster*, 44 N. H. 264; *Wiggins v. Lusk*, 12 Ill. 132; *Hawkes v. Pike*, 105 Mass. 560; *Chess v. Chess*, 1 Rawle, P. &. W. (Pa.) 32; *Herbert v. Herbert*, Breese (Ill.) 354, 12 Am. Dec. 192; *Union Mutual Ins. Co. v. Campbell*, 95 Ill. 267; *Babbitt v. Bennett*, 68 Minn. 260; *Hooper v. Vanstrum*, 92 Minn. 406; *Hogadone v. Grange Mutual Fire Ins. Co.*, 133 Mich. 339; *Franklin Ins. Co. v. Feist*, 31 Ind. App. 390; *Triplett v. Scott*, 12 Ill. 137. In holding that a recorded deed, without an intention on part of the grantor to deliver it or to divest himself of title, was not effective as a conveyance, the supreme court of the United States, by Mr. Justice Field, said: "The evidence offered, so far as appears by the record, showed that the grantor never parted with its possession, except as may be inferred from the fact of its registry. And the grantee testified that he never knew of its existence until after the death of the grantor, among whose papers it was found; and that he never claimed any interest in the property. Yet the court instructed the jury that, as there was no contest of creditors against the deed, the instrument was binding, whether delivered or not. In this instruction there was also clear error. The delivery of a deed is essential to the transfer of the title. It is the final act, without which all other formalities are ineffectual. To constitute such delivery the grantor must part with the possession of the deed, or the right to retain it. Its registry by him is entitled to great consideration upon this point, and might, perhaps, justify, in the absence of opposing evidence, a presumption of delivery. But here any such presumption is repelled by the attendant and subsequent circumstances. Here the registry was of course made without the assent of the grantee, as he had no knowledge of the existence of the deed, and the property it purported to convey al-

ways remained in the possession and under the control of the grantor." *Younge v. Guilbeau*, 3 Wall. (U. S.) 636. That a deed may be inoperative where it was signed, acknowledged and recorded for a purpose other than to transfer title was announced by the supreme court of New Hampshire in the following language: "It is not now to be questioned that a delivery is essential to the existence of the deed. It is not necessary that the deed be delivered by the grantor into the hands of the grantee; it may be delivered to a third person for the use of the grantee; it may be delivered absolutely or conditionally; but there must be a delivery. * * * And we are of opinion that the sending of the instrument in this case to be recorded, coupled with the declaration that it was made to prevent the land from being taken to pay an unjust debt, does not amount to a delivery. There was nothing said or done, in this case, which shows a delivery." *Barns v. Hatch*, 3 N. H. 304.

Cases involving the acts of grantors in leaving deeds with magistrates or recording officers for delivery are distinguishable from the present case. In those cases the intention to deliver the deed or to transfer the title is shown by proof or inferred from circumstances. Here a different purpose is fairly established under the rule that delivery is a question of intent, as announced in *Brown v. Westerfield*, 47 Neb. 399. In *Samson v. Thornton*, 3 Met. (Mass.) 275, Chief Justice Shaw said: "A deed takes effect by delivery. An execution and registration of a deed, and a delivery of it to the register for that purpose, do not vest the title in the grantee. Nothing passes by it. *Maynard v. Maynard*, 10 Mass, *456. This is distinguishable from the case of *Hedge v. Drew*, 12 Pick. (Mass.) 141, where the father proposed to the daughter to execute a deed to her, and to leave it with the register for her use, and she expressed her assent to, and satisfaction with, the arrangement. She thereby made the register her agent to receive the deed."

Under the law applicable to the proofs in the present

suit, the deed from Patrick McGuire to Robert McGuire was never delivered, and through it grantee acquired no title to the land in controversy. The trial court was right in so holding, and it follows that plaintiff's suit was properly dismissed. It is therefore unnecessary to discuss the question as to adverse possession.

AFFIRMED.

DEAN, J., having been of counsel below, not sitting.