174

H. E. RAINS, Appellant,

v.

R. L. THORNTON, Appellee.

No. 15652.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 23, 1955.

Rehearing Denied Feb. 3, 1956.

Chas. F. Umphress, Pat H. Kveton, Dallas, Doug Crouch and Brantley Pringle, Fort Worth, for appellant.

Coleman & Whitten, Earl Coleman, Hopkins & Hopkins, and Geo. M. Hopkins, Jr., Denton, for appellee.

MASSEY, Chief Justice.

On November 18, 1955, we entered judgment affirming the judgment of the trial court. After further study of the case on motion for rehearing, we have come to the conclusion that we were in error in so doing. The former opinion is hereby withdrawn and the following substituted therefor.

From a judgment for a party in position of defendant in a suit by a party in position of plaintiff to quiet title to a 74¼ acre tract of land, the losing party appeals.

Judgment reversed and rendered.

In 1914 C. H. Medlin, a widower, conveyed by warranty deed, subject to a life estate in himself, a tract of land comprising 135 acres to his two minor children, Amos W. and Hattie May Medlin. Two years later (in 1916), C. H. Medlin and Nora Medlin, his wife, whom he had married since the date of the prior deed, conveyed the identical 135 acres of land to W. L. Powell. Subsequently, in 1952, C. H. Medlin died. At the time of his death, neither of his children, Amos W. or Hattie May, knew anything about the 1914 deed. However, the fact of its existence of record in the county where the land was located was discovered within the three year period immediately subsequent to the date of the death of C. H. Medlin, and the suits out of which this appeal has arisen were instituted.

The 74¼ acre tract of land which is the subject of controversy comprises a part of the 135 acre tract which was the subject of both the 1914 and 1916 deeds. Appellant H. E. Rains acquired the balance of the 135 acres under circumstances of no interest in our discussion. He acquired the 74¼ acres in controversy through the children, now mature persons, who were the grantees in the 1914 deed. He was in position of a plaintiff in the trial court, where he lost, and he has perfected the appeal in his own behalf and in behalf of those claiming under him.

Appellee R. L. Thornton claims the 74¼ acres in controversy through a chain of title which includes the 1916 deed from C. H. Medlin and his wife to W. L. Powell.

Upon the conclusion of the evidence in the case, the appellant moved for an instructed verdict, which was refused. Over objection on the ground that there was no evidence raising the issue, the trial court submitted Special Issue No. 1, as follows: "Do you find from a preponderance of the evidence that at the time that the deed from C. H. Medlin to Amos W. Medlin and Hattie Mae Medlin was filed for record on the 3rd day of October, 1914, that the said C. H. Medlin did not intend to convey said lands to the said Amos W. Medlin and Hattie Mae Medlin?" The jury found: "He did not intend to convey said land."

The appellee insists that the foregoing issue was raised by the evidence, and he premises his contentions in that regard upon the holding in the case of Ford v. Hackel, Tex.Com.App.1935, 124 Tex. 402, 77 S.W. 2d 1043. In that case, the parents of three daughters, Willie, Annie and Lillian, *had in 1911 presumptively caused to be placed of record a deed of a tract of land in Pecos County conveying the same to their daughter Lillian.* The father of the daughters, all mature women, died in 1916. The mother died in 1929. The evidence disclosed that the only basis for the presumption of conveyance lay in the fact that the 1911 deed was found of record after the death of the mother. The notary public who had taken the acknowledgment had died prior to the time of the discovery. No evidence was of record disclosing who had filed the deed of record or for what purpose. The court held that circumstantial evidence raised an issue of fact for determination by a jury upon the question of whether the deed had been placed of record through accident, fraud or mistake rather than through an intent to convey the land thereby purportedly transferred. The court stated that the proof showing that the same grantors, by a deed subsequently executed in 1915, conveyed a portion of the same tract of land to their daughter Willie, coupled with proof that they treated the land as still belonging to them after 1911, constituted sufficient circumstantial evi-

dence to raise the issue. In connection with the parents' treatment of the land as their own subsequent to the date of the 1911 deed, it was shown that the fact of the deed's execution or recordation was never revealed to any of the three daughters or to any other known living person, despite the fact that the land which was the subject of the deed was frequently the topic of conversation between the father and mother and all three of the daughters.

In short, it is agreed by the parties to this appeal that though there would be a legal presumption that C. H. Medlin caused the deed to be executed and recorded for the purpose of making it effective as a conveyance, the presumption would be overcome if proof should show that it was recorded for a different purpose, or was placed of record through accident, fraud or mistake. It is the appellee's contention that his evidence showed exactly what was shown by the evidence in the case of Ford v. Hackel, supra, that his evidence, though circumstantial, was sufficient to raise the issue and to support the favorable finding made by the jury in answer thereto.

Upon that matter, we believe that it is important to note that the interest in the property purportedly conveyed by C. H. Medlin to his children was a remainderman's interest, the life estate having been expressly retained by the grantor. In view thereof, we do not believe that evidence demonstrating that C. H. Medlin subsequently treated the property as his own would necessarily conflict with or contradict the conveyance expressed in the deed. The same thing would apply to others taking title to the life estate of C. H. Medlin while he was still living. Furthermore, the evidence discloses that at least one of the C. H. Medlin children, Amos W. Medlin, was only about eleven or twelve years of age when his father executed the deed to him and his sister. Both children were undoubtedly minors at the time of the execution of the deed. It is noted that the record is silent upon the question of whether either the notary public who took the acknowledgment to the 1914 deed, or the

County Clerk who received the deed upon its being tendered for filing, was available to testify upon the trial of the case. We believe that the only evidence in the record which would tend to contradict the presumption which obtains because of the finding of the 1914 deed among the deed records of the county is the 1916 deed itself.

 The mere fact that C. H. Medlin and his wife, Nora, executed and delivered a deed to property in 1916 which was identical to property which he conveyed to another by an earlier instrument of record in which he reserved a life estate, standing alone, does not constitute evidence sufficient to raise an issue of fact as to whether such earlier instrument was recorded through accident, fraud or mistake or for any purpose other than expressed by its terms. Therefore, the legal presumption that the 1914 deed was valid and effective in the conveyance of the remainderman's interest in the property to Amos W. and Hattie May Medlin was not overcome. The special issue presented to the jury was erroneously submitted and the answer, to the contrary of that made by the jury, is resolved as a matter of law.

 In view of what we have said, the appellant would appear entitled to have his title quieted provided the pleadings and proof establish that he both claimed and proved that his title was superior to and inconsistent with the claim of the appellee. In our former opinion, now withdrawn, we were of the opinion that since appellant proved only that his title was deraigned from the 1914 deed of C. H. Medlin, a widower, and that appellee's title was deraigned from the 1916 deed of C. H. Medlin and Nora Medlin to W. L. Powell, he had not proved C. H. Medlin as a common source of title. Our conclusions were based upon the following authorities: Sweeten v. Taylor, Tex.Civ.App., San Antonio, 1916, 184 S.W. 693; Pullen v. Hart, 1921, 293 Mo. 61, 238 S.W. 437; Union Bank of Missouri v. Manard, 1873, 51 Mo. 548; annotations relative to the question in 7 A.L.R. at page 860 et seq.

Upon motion for rehearing our attention was drawn to the peculiar state of the pleadings as presented to us in the transcript, and upon which the case was tried. The appellant went to trial on allegations wherein he disclaimed any interest to certain other lands as to which appellee sought to quiet title, save and except the specific lands in controversy, which were a part of the whole property as to which appellee sued for affirmative relief. It is to be remembered that appellant was in position of plaintiff in so far as the subject property in controversy is concerned. The parties have stipulated this fact. By his pleadings appellant described the property in controversy, and as to which he sought to quiet title, by metes and bounds. Appellant then alleged that the appellee's claim of title (as set forth in appellee's pleadings to be found in the transcript) to the property in controversy was under the 1916 deed executed by C. H. Medlin and Nora Medlin, his wife, and that such claim was the subject of an estoppel against appellee for the reason that C. H. Medlin had theretofore executed and filed for record the 1914 deed to his children, appellant's predecessors in his chaim of title. It might be properly said that appellant did not allege that C. H. Medlin was the source of title under which appellee claims. Appellee plead "not guilty", but then proceeded to specially plead, and as specially plead he alleged, "* * * the said C. H. Medlin, by general warranty deed, *conveyed the full title to the land in controversy in this suit to W. L. Powell for a valuable and full consideration."* (Emphasis ours.) By other language, in varying manner but not contradictory of other pleadings in this regard, the appellee disclosed that his claim to the title to the property in controversy was through W. L. Powell, and pursuant to the conveyance from C. H. Medlin. The deed of conveyance was signed by both C. H. Medlin and his wife, Nora Medlin, and was the 1916 deed.

In 8 Tex.Jur. Ten-Year Supplement, p. 290, "Pleading", sec. 214, "Admissions in Reciting Facts—In General", we find the following language: "What has been alleged by both parties will be accepted as establishing the fact in respect of which the allegation is made—both by the trial court and by the appellate court. And, where the defendant alone recites some fact, this is an admission against himself so far as the fact recited tends to support the plaintiff's case. This is true even as to facts that might more appropriately have been alleged by the plaintiff, and is in line with the doctrine that an averment by the defendant may cure the plaintiff's omission to aver a fact essential to his recovery. * * * Of course, a pleading must be examined and fairly construed in order to find admissions in favor of the opposite party by recitals of fact therein."

Assuming for the moment that appellee's plea of not guilty does not complicate matters, we are of the opinion that a fair construction of the pleadings requires us to consider that the appellee admits factually that C. H. Medlin is his source of title. The evidence introduced by the appellant proved C. H. Medlin as the source of title under which appellant claimed. Therefore, appellee having admitted by his pleadings that C. H. Medlin was the source of title under whom he claimed, and appellant having proved his claim that C. H. Medlin was the source of his own title, a common source of title was established for there was no need for appellant to prove a fact admitted in the pleadings. See Luckel v. Sessums, Tex.Civ.App., Texarkana, 1934, 71 S.W.2d 579, writ dism., and cases cited.

That being the situation at law, procedural requirements cast the burden of going forward with the evidence upon the appellee. The appellant having established a prima facie case it was incumbent upon the appellee to cast doubt upon or to destroy it, and to prove that his own claim to the title was better than that of the appellant. This is exactly the procedure of the trial, and the appellee tried the case on the theory that it was identical with that of Ford v. Hackel, supra, that fact issues were raised by his evidence, and that the disposition of the case depended upon the

jury's verdict. Indeed, it is noted that appellee tried the case upon the further theory that common source of title was established. That such was the case is made apparent by an objection to the competency of appellant's witness, Mrs. Nora Medlin, interposed by appellee's counsel, to-wit: "If Your Honor please, the evidence that he (appellant's counsel) had introduced, if it is true and if it is valid and if it conveys the title, shows that the title to this property passed out of C. H. Medlin when he was a widower back in 1914, and he didn't marry this woman until later on, and she didn't have any interest in the property and there has been no proof here to show it, * * *."

Remaining to be considered is the question of whether the appellee's answer of not guilty, before he specially plead in asserting his own claim to the title, should prohibit the cognizance of appellee's admission upon the matter of common source. For the purpose of resolving the question we perceive no difference between a suit to quiet title and a trespass to try title suit. In neither case would the fact that a party in position of defendant pleaded specially after pleading not guilty relieve the plaintiff of the burden of proving title in himself. 41–A Tex.Jur., "Trespass to Try Title", p. 619, "Plea of 'Not Guilty'", sec. 95, "In General". But pleading specially does waive all of the defendant's causes of action and defenses not set up in his special plea. This rule of law is upon the principle that, after having appraised the opposite party of the claim of title or special defense upon which he proposes to rely, it would operate a surprise to the latter to permit him to prove another title or defense not set up in his pleading. 41–A Tex.Jur., p. 627, sec. 100. In the present instance we believe that the appellant would have been entitled to a continuance for the purpose of marshaling evidence to prove common source of title or title deraigned from the sovereignty had appellee withdrawn all his pleadings other than his plea of not guilty immediately upon the trial. Shields v. Hunt, 1876, 45 Tex. 424. We are of the opinion that the appellee, when he specially plead in claim of the title under C. H. Medlin as a source, has admitted common source to that plead and proved by the appellant into that same C. H. Medlin. This would be true despite the interposition of his plea of not guilty before he plead specially and claimed title in himself. Rivers v. Foote, 1854, 11 Tex. 662, and cases following.

■ The appellee advances the contention that since the jury found that Amos W. Medlin and Hattie May Medlin executed and delivered to appellant a deed in the form of quitclaim in reliance upon the representations made to them by the appellant that it was for the purpose of clearing the title to an entire tract of land, of which the land in controversy is a part, and with the intention and for the purpose of clearing title to said tract, appellant was estopped from recovering the land in controversy. He claims that when the title was cleared by the execution of such quitclaim deed it was constructively appellee's title which was cleared. We see no merit to the contention. There is no distinction to be here made between a special warranty deed and a quitclaim deed. Either character of conveyance delivers to the grantee such title to the subject property as might belong to the grantor. The appellant had no fiduciary relation to appellee and he did not represent that he had.

Judgment is reversed, and rendered in behalf of the appellant, H. E. Rains.