R. L. THORNTON v. H. E. RAINS ET AL.

No. A-5724. Decided February 6, 1957.
Rehearing Overruled March 27, 1957.
(299 S.W. 2d Series 287)

*Hopkins & Hopkins* and *Earl L. Coleman,* all of Denton, *Carrington, Cowan, Johnson, Bromberg & Leeds* and *Paul Carrington,* all of Dallas, for petitioner.

*Charles F. Umphress, Pat H. Kveton,* both of Dallas, and *Doug Crouch,* and *Brantley Pringle,* both of Fort Worth, for respondent.

MR. JUSTICE CULVER delivered the opinion of the Court.

Our former opinion is withdrawn and the following substituted therefor.

In 1914 C. H. Medlin executed a deed purporting to convey to his two minor children a tract of land in consideration of One Dollar and love and affection. On the same day, it was acknowledged before a notary public and filed for record and recorded four days later. The rents, revenues, use and possession of the land were reserved by the grantor during his lifetime.

Some two years later C. H. Medlin, joined by his wife whom he had married subsequently to the date of the 1914 deed, conveyed the same land by general warranty deed for a consideration of Thirty-four Hundred and No/100 ($3,400.00) Dollars to W. L. Powell, and in 1918 Powell conveyed the land to J. J. Medlin, a brother of C. H. Medlin by warranty deed. In 1951 J. J. Medlin and wife conveyed the land to R. L. Thornton. In 1952 the grantees in the 1914 deed, Amos W. Medlin and Hattie Mae Medlin Beckwith, for the recited consideration of Ten Dollars

quitclaimed all of their interest in the land to H. E. Rains. Respondent, Rains, sued petitioner, Thornton, in trespass to try title. The trial court's judgment in favor of Thornton was reversed and rendered for Rains. 286 S.W. 2d 174. We are of the opinion that the trial court's judgment should be upheld.

Among other issues answered, that are irrelevant to a decision, the jury found that, at the time the deed from C. H. Medlin to his two children was filed for record, Medlin did not intend to convey the land to his children.

 Respondents contend that the language of the special issue is vague and ambiguous and improperly inquires as to grantor's intention at the time the 1914 deed was filed for record. They correctly say that the intention of the grantor at the time of the recordation of the deed is not necessarily controlling or in most cases material for the reason, that if Medlin did execute and deliver the 1914 deed with the intention to vest the "remainder estate" in his children it would not matter that he changed his intention at the time it was filed for record. However, the only objection leveled to the issue by respondents was: "Because the same is a question of law and further because there is no evidence to support said issue." Of course the recording of a deed is not essential to the conveyance of title, but without delivery title will not pass. We think the issue as submitted was not one that could be answered as a matter of law. The controlling question then is whether or not there is any evidence to support the jury's finding.

 It is well settled that where a deed has been signed, acknowledged and placed of record the presumption is that the grantor intended to convey the land according to the terms of the deed, but this presumption may be overturned where there is proof that the recording of the instrument was for some other purpose or through fraud, accident or mistake. Koppelmann v. Koppelmann, 94 Texas 40, 57 S.W. 570; McCartney v. McCartney, 93 Texas 359, 55 S.W. 310.

 Even if C. H. Medlin had caused the deed to be recorded, that fact of itself would not have been determinative of the question of delivery of the deed and his intention to place title in his children. If there was no intention on his part to deliver it or divest himself of title the deed was not effective as a conveyance. McGuire v. Clark, 85 Neb. 102, 122 N.W. 675; Younge v. Gilbeau, 70 U.S. 636, 18 L. Ed. 262.

■ The question of delivery of a deed is one of intention on the part of grantor to be determined from all the facts and circumstances. Pou v. Dominion Oil Co., 265 S.W. 886 (Com. App. judgment adopted) ; Taylor v. Sanford, 108 Texas 340, 193 S.W. 661.

There is some evidence, even though negative in character, upon which the jury might rely in support of its verdict. The proof showed that Medlin married his second wife shortly after signing the deed and although he lived 38 years after 1914 he never told his children nor anyone else about the 1914 deed. Neither the notary who took the acknowledgment, nor the county clerk testified. The children did not learn of the execution when recordation of the deed until after their father's death when Rains solicited the quitclaim deed from them in 1952. J. J. Medlin, after he acquired the land from Powell, lived on and cultivated it and paid the taxes for thirty-three years. The brothers, C. H. Medlin and J. J. Medlin, were neighbors for years and visited each other many times. C. H. never told his brother of the 1914 deed to the children. If Medlin had caused the deed to be recorded with the intention of conveying title to his children he must have knowingly been guilty of perpetrating a fraud upon his subsequent grantee and permitting a brother likewise to be defrauded.

The case of Ford v. Hackel, 124 Texas 402, 77 S.W. 2d 1043, is relied upon by petitioner, Thornton. The facts there in all material aspects run closely parallel to those in our case. Rutherford executed a deed of gift to a daughter and the deed was filed and recorded four days later. Five years later Rutherford conveyed by warranty deed for a valuable consideration an undivided one-half interest in the same land to another daughter. The grantor had continued to treat the land as his own, living on it and having many discussions about the land without disclosing that he had executed the first deed. Although the grantor lived for eighteen years after the date of the first deed, the daughter was not aware of the deed or the record of it until after his death.

In Ford v. Hackel the court holds that although the evidence is wholly circumstantial, a fact issue is raised saying: "On the other hand, the fact that neither of the grantors ever apprised their daughter, Mrs. Hackel, of the instrument, or of the gift which it purports, together with the subsequent conduct of the grantors respecting the land, as shown above, including their act in deeding part of the land to another daughter, present a

state of facts from which an inference may be fairly drawn that the grantors did not know that the instrument was recorded, and therefore did not authorize the recording of it. It is thus seen that the question of delivery of the instrument was one for determination by the jury. The contention of the plaintiffs in error is no evidence to show that the grantors authorized the instrument to be put of record, is overruled." The facts before us seem every whit as strong to raise a fact issue as they do in Ford v. Hackel.

The respondent, Rains, seeks to distinguish the Ford case and to avoid its application here for the reason that the grantor, Medlin, in the deed to his children reserved the use of the property to himself for his lifetime, and later conveyed the fee simple title to another, whereas in the Ford case the grantor gave a fee simple title to his daughter and thereafter for a valuable consideration deeded one-half of the property to another daughter. The respondent argues that since the grantor, Medlin, retained a life estate which he had the right to enjoy and which he could convey, the execution of the 1916 deed would not necessarily conflict with or contradict the 1914 deed. In other words he says that the 1916 deed conveyed and only conveyed the life interest retained by the grantor.

We think this makes no material distinction. Certainly both deeds conflict with each other; they are inconsistent and both cannot stand. The 1916 deed for a valuable consideration warranted the fee simple title to Powell.

Respondents cite the case of Henry v. Phillips, 105 Texas 459, 151 S.W. 533, where it is said, that the testimony of a witness to the effect that after the date of the execution of the deed by the grantor he had listed the property for sale and offered to sell the tract was not admissible for the reason that it was hearsay evidence and in disparagement of the grantor's deed. No contention is made that the evidence in our case is hearsay and it is also noteworthy that Henry v. Phillips is not cited in Ford v. Hackel, decided some twenty-three years later. Furthermore, the cases are not in conflict. In Henry v. Phillips the grantor duly executed a deed, deposited it in a bank for safekeeping with instructions that it be delivered to the grantees upon grantor's death. This evidence was held by the court sufficient to constitute delivery of the deed as a matter of law, and the court went on to say that "what constitutes a delivery of a deed is a question of law, but whether there was in fact a de-

livery of the deed under consideration is a question of fact to be determined by the jury."

We are of the opinion that the holding in Ford v. Hackel is fairly applicable to the facts of this case and that there is evidence in this record to uphold the findings of fact made by the jury. The judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.

Associate Justice Norvell not sitting.

Opinion delivered February 6, 1957.

Mr. Justice Smith, joined by Justice Walker, dissenting.

### ON MOTION FOR REHEARING

The dissenting opinion filed herein on July 11, 1956 is withdrawn, and the following dissent is substituted therefor:

On further consideration of this case, I am still convinced that, considered in any such sense as would defeat the operative effect of the deed, there is no evidence to sustain the finding of the jury that C. H. Medlin did not intend to convey the land in question to his children.

To defeat the operative effect of a deed which the grantor has caused to be recorded, it must be shown that the recording was induced by fraud, accident, or mistake, or that it was for some purpose other than to convey title to the named grantee. McCartney v. McCartney, 93 Texas 359, 55 S.W. 310; Koppelmann v. Koppelmann, 94 Texas 40, 57 S.W. 570. No such showing was made in this case. The type of evidence to which the majority refers is relevant on the issue of whether C. H. Medlin caused the deed to his children to be recorded and it was specifically so held in Ford v. Hackel, 124 Texas 402, 77 S.W. 2d 1043, but it was not relevant on the issue of whether C. H. Medlin intended the deed to operate as a conveyance of title to his children.

I am of the opinion that there is evidence, under the rule of Ford v. Hackel, supra, that C. H. Medlin did not cause the deed to his children to be recorded, but that whether he did or did not do so was a fact issue; that the burden was on petitioner to request the submission of an issue inquiring whether C. H. Medlin caused the deed to be recorded, and that having failed to do so

petitioner waived such ground of recovery. Rule 279, Texas Rules of Civil Procedure. I further contend that there is no evidence to support the jury finding that C. H. Medlin did not intend to convey the land to his children, and that judgment for petitioner cannot rightfully be rested on a conclusion that the evidence would support an answer, favorable to petitioner, to an unsubmitted issue.

If we were at liberty to assume from the jury's answer to the submitted issue that it would also have answered, on the same evidence, that C. H. Medlin did not cause the deed to be recorded, we could disregard the submitted issue and the jury's answer thereto as immaterial. But we cannot indulge that assumption. Both issues are ultimate issues. A finding, supported by evidence meeting the test of Ford v. Hackel, supra, that C. H. Medlin did not cause the deed to be recorded would render immaterial any issue of his intention, but a finding that he caused it to be recorded would entitle petitioner to no relief or recovery in the absence of a further finding, supported by a type of evidence not in this record, that he did not intend the deed to operate as a conveyance. The latter possibility demonstrates, I think, that the submitted issue cannot be considered as embracing the issue of whether C. H. Medlin caused the deed to be recorded.

It seems obvious that this case was tried on an erroneous theory and was submitted on an improper issue. I would therefore be inclined to remand the case for retrial, as we did in Benoit v. Wilson, 150 Texas 273, 239 S.W. 2d 792, and Eaton v. R. B. George Investments, 152 Texas 523, 260 S.W. 2d 587, if that course were open to this Court under the Rules. That course is not open to us. This Court may remand the cause to the trial court under Rule 505, Texas Rules of Civil Procedure, because it was tried on an erroneous theory, only when it has reversed the judgment of the Court of Civil Appeals on some other ground or when error is assigned in this Court to the failure of the Court of Civil Appeals to remand under Rule 434. Benoit v. Wilson, 150 Texas 273, 239 S.W. 2d 792, 798. We are not at liberty to reverse an errorless judgment of the Court of Civil Appeals. Chevalier v. Lanes, Inc., 147 Texas 106, 213 S.W. 2d 530, 535, 6 A.L.R. 2d 1045; Scott v. Walker, 141 Texas 181, 170 S.W. 2d 718, 722.

The judgment of the Court of Civil Appeals should be affirmed.

Associate Justice Walker joins in this dissent.

Opinion delivered February 6, 1957.

Second motion for rehearing overruled, March 27, 1957.