**Annie Mae McGalin DRAKE, Appellant,**

v.

**Lee Anders McGALIN, et al., Appellees.**

No. 8579.

Court of Appeals of Texas.

Mar. 26, 1981.

Blair Bisbey, Seale, Stover & Coffield, Jasper, for appellant.

Bill F. McGraw, Jasper, for appellees.

CLAYTON, Justice.

Appellees, Lee Anders McGalin and Albert Edward McGalin, filed this suit against appellant, Annie Mae McGalin Drake, seeking cancellation of certain deeds. Default judgment was entered decreeing cancellation of the deeds. Appellant timely filed her motion for new trial seeking to set aside the default judgment. This is an appeal from the denial of the motion to set aside the default judgment and is a direct appeal from such judgment.

Appellees, Lee Anders McGalin and Albert Edward McGalin, and appellant, Annie Mae McGalin Drake (and H. E. McGalin, who is not a party to this suit) are the children and the sole surviving heirs of Nancy Elizabeth McGalin (Nancy). Two of the three brothers filed this suit against their sister seeking to cancel and set aside certain deeds to two tracts of land in Jasper County. Appellees also sought to have the four children declared equal owners of an undivided one-fourth interest in all the real and personal property owned by their parents at their death, and sought an accounting from appellant as to all such property.

Appellant first complains of error by the trial court in denying her motion to set aside the default judgment.

The correct rule applicable to a motion for new trial which seeks to set aside default judgments entered on failure of a defendant to file an answer is stated in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939), and reaffirmed in *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966), as follows:

> "A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense. . . ."

The motion for new trial must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such a meritorious defense. *Ivy v. Carrell*, supra.

Even though appellees' cause of action seeks to set aside certain deeds executed by J. M. McGalin and his wife Nancy to Lee Anders McGalin and appellant, and to set

aside the deed from appellant and Lee Anders McGalin to Nancy, the two deeds are not material to this cause of action because the latter deed re-conveys the property back to Nancy, and the real question is the validity of the deed from Nancy to appellant. Appellees seek to set aside and cancel this deed from Nancy to appellant on the grounds of undue influence; "no consideration"; that she "was incapable of knowing what she [Nancy] was doing [while executing the deed]"; and that said deed and particularly the acknowledgment thereof "did not comply with Article 6609, Article 6611, Article 6613, Article 6614, and Article 6615 of the Civil Statutes...."

■ The evidence, produced by appellant, on the motion to set aside the default judgment, shows that, on the day after citation was served on appellant, she and her daughter took the papers to an attorney who had represented her in several matters in the past. The attorney was hospitalized at that time, but his secretary accepted the papers, gave her assurance that she would bring the matter to the attorney's attention and that he would take care of it. The secretary testified it was appellant's understanding that the attorney would represent her.

Appellant contacted her attorney's office at least three times concerning the case, and the secretary assured her there was nothing to worry about, that the office would handle the matter for her, and that she would be contacted when she was needed. The secretary prepared a general denial and informed appellant's daughter that it had been prepared, filed, and that nothing further need be done in the case until June.

The secretary testified she prepared a general denial to be filed in the case. She sent it to the attorney in the hospital by an exchange student being sponsored by the attorney and who "helped out" as an office boy. The secretary assumed the answer had been filed and so informed appellant. The attorney never saw the papers, or filed the answer, and the record does not show what became of them.

Tested by the rule stated in *Craddock v. Sunshine Bus Lines, Inc.*, supra, the record shows clearly that the failure to answer in this cause was not intentional nor was it the result of conscious indifference, but was due to accident or mistake. See *Western Union Telegraph Company v. McGinnis*, 508 S.W.2d 147 (Tex.Civ.App.—San Antonio 1974, no writ); *Republic Bankers Life Insurance Company v. Dixon*, 469 S.W.2d 646 (Tex.Civ.App.—Tyler 1971, no writ); *Cadena v. Dicker*, 383 S.W.2d 73 (Tex.Civ.App.—Dallas 1964, no writ).

■ For the purpose of showing a meritorious defense, appellant presented evidence that she purchased the realty involved herein from her mother, Nancy, and paid the sum of $3,500; that at the time of the sale her mother knew what she was doing; that it was her mother's idea to sell the property to appellant; that her mother possessed her full mental faculties; that appellant did not exert any influence over her "to try to coerce her into executing this deed"; and that she executed it "of her own free will." Her testimony further shows that the deed was "witnessed by a Notary Public and two witnesses." This testimony proves prima facie a meritorious defense as to undue influence, no consideration, and mental capacity. Even though the acknowledgment taken by the notary does not meet the requirements of *Tex.Rev. Civ.Stat.Ann. arts. 6609, 6611, 6613, 6614, and 6615* (1969) such failure does not render the deed void. The statutes merely affect the proof necessary for the purpose of placing the instrument of record. The deed may not be properly recorded in the absence of compliance with such statutes; yet, where a deed is executed by a person competent to execute it, then "neither the acknowledgment nor record is necessary to make it a valid and binding obligation." *McCracken v. Sullivan*, 221 S.W. 336, 338 (Tex.Civ.App.—San Antonio 1920, no writ). The recording of a deed is not essential to the conveyance of title. *Thornton v. Rails*, 157 Tex. 65, 299 S.W.2d 287 (1957); *Bell v. Smith*, 532 S.W.2d 680 (Tex.Civ.App.—Fort Worth 1976, no writ).

Appellant presented evidence proving prima facie a meritorious defense to all grounds alleged in appellees' petition as to the deed from Nancy to appellant.

The judgment is reversed and is remanded for trial on its merits.

REVERSED and REMANDED.